## BANK AT DECATUR v. JOHNSON.

1. When the creditor gives day to the principal debtor, and the surety afterwards, with a knowledge of the fact, agrees to waive all advantage to himself, the inference is that he agreed to the extension, and no consideration is necessary to sustain the agreement for waiving the act.

Writ of Error to the County Court of Morgan.

MOTION by the Bank, under the statute, for a judgment against Johnson, as one of the makers of a note executed the 26th June, 1839, by one Burnett as principal, and by the defendant and others as sureties, payable one hundred and twenty days after date.

The defendant pleaded, that after the execution of this note, he being surety only on the same, the Bank accepted from Burnett, the principal, a deed, by which certain property was conveyed to a trustee, in trust, to secure the Bank for

Burnett's indebtedness, in one, two and three years. That this deed was executed by Burnett, and taken and accepted by the Bank, without the knowledge or consent of the defendant, and that by it the time of payment specified in the note moved on, was changed and extended, so as to be payable in three annual instalments.

To this plea the Bank replied, that the said defendant, on the 2d January, 1840, by his writing of that date, consented and agreed he would abide by the said deed, and not to avail themselves of any legal advantage which might accrue to them from the agreement to indulge the said Burnett, and he bound himself for the ultimate payment of the debt mentioned in said deed, agreeable to his said indebtedness, in the event the debts were not fully paid and satisfied by Burnett. The replication then avers the debt was never paid by Burnett, &c.

The defendant rejoined, that the agreement referred to in the replication, was made after the deed of trust was fully and finally executed, and without any consideration whatever.

The plaintiff sur-rejoined, that the agreement was executed on a full consideration, to-wit, the previous indebtedness of the defendant and Burnett, which indebtedness of said Burnett was extended by said trust deed.

The defendants demurred to this sur-rejoinder, and the court sustained the demurrer, and gave final judgment for the defendant. This is now assigned as error.

HUMPHREYS, for the plaintiff in error, insisted the indebtedness of the defendant as surety, was a sufficient consideration to sustain the subsequent promise, and no new consideration was necessary, if all the facts were known to the party. [Truman v. Fenton, Camp. 544; Theobald on Prin. & Sur. 75-95.]

S. PARSONS, contra, argued, that the moral obligation of the surety ceased with his discharge, and therefore nothing

remained to sustain the agreement. That was merely a *nude pact.* [Winston v. Rives, 4 S. & P. 276 ; Stafford v. Bacon, 1 Hill, 535 ; Snively v. Read, 9 Watts, 396 ; 2 Hill, 353, note ; Eddy v. Stanton, 21 Wen. 253 ; Hawley v. Farrer, Verm. Rep.]

GOLDTHWAITE, J.—The question arising from the pleadings in this case is, whether the giving of day of payment to the principal is such a discharge of the surety as to require a valuable consideration, moving from the creditor to him, to sustain a promise to pay, made upon a full knowledge of the circumstances from which the discharge is inferred. It is a well settled rule with respect to parties to bills and notes, who are discharged by the *laches* of the holder, that a subsequent promise to pay, made with a knowledge of the *laches*, will revive the original liability. [Chitty on Bills, 534, and cases there cited ; Thornton v. Wynn, 1 Wheat. 183.] And in Reynolds v. Douglass, 12 Peters, 497, the same principle was held applicable to a guarantor. The present case, however, is much stronger, as here, the surety, after the extension of time to the principal, if we are to consider the deed of trust creating a further security, is to be so considered, agrees not to avail himself of any advantage which might accrue to him from this circumstance. No question, in point of law, is raised by this agreement, as to the actual discharge of the surety, but the inference from it is irresistable, that he agreed to the extension allowed by the bank to the principal debtor. The plaintiff was entitled to judgment on the demurrer.

Reversed and remanded.