## LOUCHHEIM *v.* GILL.

Suit to recover the possession of personal property. Answer : 1. General denial. 2. Right of possession in the defendant, by virtue of a chattel mortgage from the plaintiff, but without setting out a copy of the mortgage. Reply : 1. That the plaintiff was, at the time of executing the mortgage, of weak and imbecile mind, and so far insane as to be incapable of understanding the nature of· the same, and was unable and unfit to do business, and incapable of assenting to any contract. 2. That said mortgage was procured by fraud, in this, that the defendant fraudulently and falsely represented to the plaintiff, that said mortgage was a promissory note. and he being entirely uneducated, and incapable of judging of the effect of a mortgage, and relying upon said false and fraudulent representations, executed said mortgage, &c.

*Held*, that the first reply was good.

*Held*, also, that the second reply did not show such a misrepresentation of facts as would vitiate the mortgage.

*Held*, also, that though the second paragraph of the answer was bad, for not setting out the mortgage, yet the defendant was entitled, under the general issue, to prove that the right of possession was in him.

APPEAL from the *Elkhart* Common Pleas. · Friday, November 29.

HANNA, J.—*Gill* mortgaged certain personal property to the appellant and his brother, to secure the payment of a debt, by a fixed day. *Gill*, at the maturity of the debt, failed to pay, and appellant, who had acquired, by assignment, the interest of his brother in said mortgage, so far as it could be thus transferred, took possession of said property by· virtue of the same. *Gill*, thereupon sued, and had judgment for possession. The answer, in the second paragraph, set up a claim under the mortgage, but did not set the

same forth, nor, so far as the record shows, file a copy thereof. The first paragraph was a denial. Reply: fraud, and want of capacity to execute a mortgage, &c.

There was a demurrer to the second and third paragraphs of the reply, which was overruled. This ruling raises the first question. The third paragraph, we think was good. It avers, that the plaintiff was, &c., at, &c., "of weak and imbecile mind, and so far insane as to be incapable of understanding the nature of said instrument, and unable and unfit to do business, and incapable of assenting to any contract."

As to the second paragraph, we are of opinion that it was not sufficient. It avers that the execution, &c. "was obtained by the fraud and misrepresentation of said defendant; that he fraudulently and falsely represented to said plaintiff that said mortgage was a promissory note, and the plaintiff relying, &c. signed the same; that he, the said plaintiff, being entirely uneducated, was and is incapable of judging and knowing the effect of a mortgage of any kind." It appears to us that this pleading does not sufficiently show that there was such a misrepresentation of facts as would vitiate the writing. The gist of the pleading is, that there was a misrepresentation of the legal effect of the instrument, which ought to render it null, because of the plaintiff's want of education. Such an objection, alone, to the binding obligation of a writing is not available.

But although the paragraph of the reply was bad, yet as the paragraph of the answer to which it was pleaded was also bad, the demurrer not only reached to the vicious reply but also the insufficient answer, and should have been sustained to such part of the answer, for the failure to properly plead the writing upon which it was founded. This would leave the defendant to rely upon his general denial, and such evidence as could be offered under it. The right of possession in himself, by virtue of the mortgage was his defense, by the evidence. Could he avail himself of that line of defense? If not, we need inquire no further.

The statute is, 2 R. S., p. 45, that under a mere denial of any allegation, no evidence shall be introduced which does

not tend to negative what the party making the allegation is bound to prove.

The plaintiff had to show a right of possession in himself. Certainly, proof that such right was in the defendant would negative that allegation. The evidence was therefore admissible, as to defendant's rights under the mortgage; but although thus admissible, we can not disturb the judgment, on the evidence. It is conflicting, and tends to sustain the verdict.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. H. Baker* and *J. A. Liston*, for the appellant.