REED v. SIDENER.

CONTRACT.—*False Representation of the Law.*—In an action by A. against B. to recover money due from the latter to the former, an order to arrest the defendant and hold him to bail was duly issued to the sheriff, who thereon arrested him. To procure his release, a note for the sum so due was executed to A. by B. and a surety.

*Held*, in a suit by A. on said note, that the surety was not released from liability thereon by the fact that he was induced to execute the note by false representations made by the sheriff to B. and said surety as to the legal effect of said order of arrest, the note having been received by A. with notice of the circumstances under which it was executed, though it did not appear that such misrepresentations were made by the authority or procurement of A., nor was it denied that B. was justly indebted to A. in the sum for which the note was given.

APPEAL from the Bartholomew Circuit Court.

Suit by Spaugh against Snyder and the appellant on a note for two hundred and twenty-five dollars, executed by the defendants to the plaintiff. Pending the suit, Sidener, the appellee, became the owner of the note by assignment from Spaugh and was substituted as plaintiff.

Reed answered separately in three paragraphs, to all of which demurrers were sustained, and Reed excepted. The first and third paragraphs only, are presented in the abstract in this court.

The first alleges, that on, &c., Spaugh commenced a civil action in said court against said Snyder for the recovery of money, the amount of the note in suit, and, upon proper affidavits and bonds filed therein, caused a writ of attachment and an order for the arrest and holding to bail of said Snyder to be issued and placed in the hands of the sheriff of said county, who, on, &c., by virtue of said order, arrested and held in custody said Snyder, and, in order to induce said Snyder either to pay the debt for which said action was brought or to secure it by note, falsely, fraudulently, and deceitfully represented to said Snyder and this defendant that unless said Snyder would immediately pay said debt, or give his note therefor with security, he, as such

sheriff, would be compelled to, and would, hold said Snyder in custody, and would forthwith incarcerate him in the jail of said county; and further falsely, fraudulently, and deceitfully represented and asserted that it would not be sufficient to procure the release of said Snyder for him to execute a bail bond with security for his appearance to answer said action, which said Snyder and this defendant had offered to do, and were then ready and willing to do; that this defendant was then worth, in unencumbered real estate in said county, over and above his indebtedness, five thousand dollars; that this defendant and Snyder, being ignorant in matters of law, and having no time or opportunity to obtain legal advice, and confiding in and relying upon said false, fraudulent, and deceitful representations of said sheriff, executed the note in suit, said Snyder as principal and this defendant as surety; of all which facts Spaugh had notice when he received said note; that as to this defendant said note was without any other consideration than that herein stated.

The third paragraph is the same as the first, except that it alleges, that the sheriff refused to give the parties time or opportunity to take legal advice, insisting that if the money was not at once paid, or a note, with Reed as surety, given, he would forthwith take Snyder to the county jail.

ELLIOTT, J.—The only question presented in the case arises upon the ruling of the circuit court in sustaining demurrers to the first and third paragraphs of the separate answer of Reed, who alone appeals. There is no material difference between these paragraphs; each contains substantially the same averments. They will, therefore, be considered together as presenting the same question.

It is not claimed by the appellant's counsel that they present a valid defense to the note on the ground of duress; but it is insisted that the facts alleged show that the note was procured by the false and fraudulent representations of the sheriff, and is, therefore, void. We cannot concur

in this conclusion. It is not denied that Snyder was justly indebted to Spaugh in the sum for which the note was given. It is admitted that Snyder was arrested on a legal order for that purpose in the hands of the sheriff, and that the appellant executed the note as the surety of Snyder, to procure his release from such arrest.

But it is alleged that he was induced to do so by certain false and fraudulent representations of the sheriff, in which he confided.

The false representations relied upon in the answer relate exclusively to the law, and not to a material matter of fact. No principle of law is better settled than that every person is presumed to know the law, both civil and criminal; and no one can, therefore, complain of the misrepresentations of another respecting it. *Platt* v. *Scott*, 6 Blackf. 389; *Russell* v. *Branham*, 8 Blackf. 277; *Clem* v. *The Newcastle, &c., R. R. Co.,* 9 Ind. 488; *Louchheim* v. *Gill,* 17 Ind. 139.

Besides, it is not alleged in the answer that the false representations as to the law, and the legal effect of the order of arrest, were made by the authority or procurement of Spaugh, the payee of the note; and there was no such confidential relation existing between the appellant and the sheriff, or between the sheriff and Spaugh, as to make the latter responsible for the misrepresentations of the sheriff; and if the appellant relied upon them, it was his own folly.

The judgment is affirmed, with costs.

*S. Stansifer,* for appellant.

