# Davis, Moody & Co. *v.* Betz & Cullman.

*Action on Promissory Note, by Payees against Makers.*

1. *Rescission of contract, on account of fraud or misrepresentation; waiver.* When a promissory note is given in consideration of the transfer of an account against a third person, which is falsely represented to be a statutory lien on his house, for materials furnished and used in its construction, the contract is not void on account of the fraud or misrepresentation, but voidable at the election of the party defrauded, seasonably expressed ; and if, on the discovery of the fraud, he does not offer to restore the account, but retains it, and attempts to collect it by suit, he can not set up the fraud to defeat a subsequent action on the note.

2. *Statutory lien of mechanics and builders.*—Under the law approved April 19, 1873, amendatory of §§ 3101-04 of the Revised Code, a statutory lien was declared in favor of "mechanics and builders," on buildings erected by them, and on the lot or parcel of land on which such buildings were erected, "for the price agreed upon, or compensation to be paid, and materials used in the construction thereof" (Sess. Acts 1872–3, pp. 117-19); but no lien was given to a person who only sold materials to be used in the construction of a house, and which were so used.

3. *When misrepresentation is fraud, or ground of rescission.*—A misrepresentation of a material fact or thing directly relating to the subject-matter of a contract, upon which the opposite party relies, and has a right to rely, inducing him to enter into the contract, is, in law, a fraud, though innocently made, and gives him a right to rescind the contract ; but a misrepresentation of a matter of mere judgment, or the expression of an opinion in reference to a

[Davis, Moody & Co. v, Betz & Cullman.]

matter equally open to the inquiry of both parties, is not a fraud; and when the parties are dealing at arm's length—when no relation of trust or confidence exists between them—when one has not full knowledge, and does not know the other to be ignorant—a misrepresentation as to a matter of law is not, of itself, a fraud, and does not furnish a ground of avoiding the contract

APPEAL from the Circuit Court of Blount.
Tried before the HON. LOUIS WYETH.

C. F. HAMILL, for appellants, cited *Dill v. Camp*, 22 Ala. 249; *Barnett v. Stanton & Pollard*, 2 Ala. 181; 14 Ala. 9; 2 Stew. 520; *Townsend & Milliken v. Cowles*, 31 Ala. 428; *S. C.*, 37 Ala. 17.

BRICKELL, C. J.—The action is founded on a promissory note, made by the appellees, of date October 19th, 1874, payable six months thereafter, to the order of appellants, at the Second National Bank of Cincinnati, for the sum of four hundred and twenty-two dollars. The record does not contain the pleas upon which the trial in the court below was had. The bill of exceptions states that, the plaintiffs below having read the note in evidence, the defendants, testifying for themselves, and two other witnesses, gave evidence that the consideration of the note was the transfer to defendant Betz, by the plaintiffs, of an account they had against one John Kessler, then the owner of the "European Hotel" in the town of Cullman, for sash, doors, and other materials used in building the hotel. Betz had a mortgage on the hotel, for furnishing materials, and building the same; and on the day of the date of the note, was about making sale thereof, under a power in the mortgage. One of the plaintiffs, Moody, was in Cullman, with an attorney, and to induce Betz to purchase the account, he represented that it was a lien on the building, and that plaintiffs had taken the necessary steps to establish the lien. In March, 1875, on inquiry at the office of the judge of probate, it was ascertained that no lien in favor of plaintiffs had been recorded, and, so far as was known, no suit had ever been commenced on the account against Kessler. The hotel was sold under the mortgage to Betz, privately, and the mortgage debt paid; but Kessler refused to permit any part of the proceeds of sale to be applied in payment of the account transferred by plaintiffs.

On cross-examination of Betz, and by other witnesses, the plaintiffs proposed proving that, after the maturity of the note, Betz applied to the clerk of the Circuit Court of Blount county, for an attachment in his own name, on the account, against Kessler; but the property he desired attaching not being in this State, he was advised the attachment ought to be sued out where the property could be found; and at that

place, subsequently, he sought to obtain an attachment. On objection of defendants, the court refused to admit this evidence; and an exception was reserved to its exclusion.

Moody, one of the plaintiffs, in rebuttal was examined, and testified, in substance, that plaintiffs were engaged in the planing-mill business, at Louisville, Kentucky; and in April 1874, had furnished Kessler with doors, sash and other building material, for the hotel, for which he was to pay when they were shipped; and when an itemized account of them, amounting to four hundred and twenty-two dollars, was presented, he acknowledged its correctness. The note in suit was given on the day of its date, at the office of defendant Cullman, in the town of Cullman, in consideration of the transfer to Betz of the account due from Kessler. He represented to the defendant, that the account was a mechanic's or builder's lien on the "European Hotel;" and his attorney made the same representation. The defendant Cullman, before, and at the time of signing the note, expressed a willingness to sign it, because he felt under obligations to the plaintiffs, for reasons which are stated, to secure them. The hotel was sold on the day the note was given, subject to the claim of the plaintiffs; and after the sale, the transfer was made to Betz, and the note taken.

The Circuit Court charged the jury, that if the defendants were induced to give the note by the representations of the plaintiffs, or either of them, that they had a lien on the "European Hotel," and had taken the necessary steps to establish the same, and the jury should from the evidence find that plaintiffs had not such lien, or had not taken the necessary steps to establish such lien,—then they must find for the defendants. The court, on the request of the plaintiffs, refused to charge, that the statement that plaintiffs had a mechanic's or builder's lien was a representation of a matter of law, and, if untrue, was not available as matter of defense; also, "that under the law of force at the time, it was not necessary for the plaintiffs to take any other steps to establish a lien as a builder or mechanic, than to commence suit on the debt for which the lien was claimed, within the time prescribed by the statute." These instructions were severally refused, and to the several rulings of the court, the plaintiffs excepted; and having taken a nonsuit in consequence of them, they now move to set it aside.

1. It is apparent the defense rested wholly upon the ground that the defendant Betz was induced to purchase the account or claim on Kessler, by the false representation that it was a lien on the building known as the "*European Hotel.*" Assuming the defense to be well founded, the purchase was not

*void*—it was *voidable* only, at the election of Betz. He had taken no steps to rescind it—made no offer of rescission, nor had he returned, or offered to return, the account to the plaintiffs. The retention of the account, after a discovery of the falsity of the representation, and his assertion of ownership of it, shown by his efforts in his own name to prosecute legal remedies for its recovery, determined his right of electing to avoid the contract, and rendered him liable, at least, for the value of the account. He could not retain the benefits of the purchase, and yet repudiate it *in toto.*—*Barnett v. Stanton*, 2 Ala. 181; *Barnes v. Bailey*, *Ib.* 749; *Malone v. Reeves*, 11 Ala. 345; *Perry v. Johnston*, 59 Ala. 648. The Circuit Court erred in the rejection of the evidence offered by the plaintiff.

2. The representation made by the plaintiffs was, that they had a lien on the hotel, in the building of which were used sash, doors, and other material furnished Kessler. The account consisted of these items and their value. It was known to Betz that they were not the mechanics or builders, who had themselves done, or procured to be done, work and labor in the building of the hotel. Betz himself had done the work, and knew the plaintiffs had only furnished materials which were used in the building. The representation was not of a lien originating in, and dependent upon, a contract between the plaintiffs and Kessler, which must have been in writing, if it was to operate on or bind real estate. The representation was, that they had a "*mechanic's* or *builder's lien.*" This is a lien which has long been given by the statutes of this State. It originates in the statute, having no existence at common law, and is not ordinarily, or necessarily, stipulated for by contract. When it exists—for what debt or liability; in whose favor; against whom it may be enforced, and in what manner; the property it binds; the steps necessary to its creation, continuance and preservation—are all matters of statutory provision.

When the plaintiffs furnished the materials which were used in building the hotel, and when the sale of the account was made, the statute of force was the act approved April 19, 1873, amendatory of sections 3101, 3102, 3104 of the Revised Code of 1867.—Pamph. Acts 1872-3, p. 117. A lien was thereby given mechanics and builders, on the buildings erected by them, and on the lot or parcel of land on which the buildings were situate, for the price or compensation agreed to be paid them, and for materials; unless surety was given, or there was an agreement in writing, waiving the lien. No registration of the contract for the building, or of the claim for the price or compensation, was necessary. The only act,

(14)

necessary to continue and preserve the lien, was a suit in equity to enforce it, or an action at law upon the contract, within twelve months after the completion of the work, or the supply of the materials. The plaintiffs, having a claim only for materials furnished and used in the building, had no lien for its payment under this statute; and the representation that they had such a lien was untrue in point of fact.

3. A misrepresentation of a material fact or thing, relating directly and distinctly to the subject-matter of a contract, which is relied upon by the party to whom it is made, and upon which he has the right to rely, inducing him into the contract, will avoid the contract, or furnish ground for an action of *deceit*, though it may have been made innocently. *Munroe v. Pritchett*, 16 Ala. 785; *S. C.*, 22 Ala. 501; *Ingram v. Toulmin*, 9 Ala. 622; *Atwood v. Wright*, 29 Ala. 346. The misrepresentation of a matter of mere judgment, or the expression of an opinion in reference to a matter equally open to the inquiry of both parties, is not a fraud. In the absence of all relation of trust or confidence, when parties are dealing at *arm's length*, when one has not full knowledge, and does not know the other to be ignorant, a misrepresentation of the law will not, of itself, constitute a fraud, or furnish ground for avoiding a contract.— *Craig v. Blow*, 3 Stew. 448; *Townsend v. Cowles*, 31 Ala. 448; *Fish v. Cleland*, 33 Ill. 238; *Reed v. Sidener*, 32 Ind. 373; *Rashdall v. Ford*, 2 L. R. (Eq. Cas.) 750; 3 Waits' Actions & Defenses, 434.

So far as is shown by the bill of exceptions, there is no room for the imputation of fraud to the plaintiffs—no purpose to mislead the defendant, or that knowingly the law was misrepresented. Residing without the State, an attorney was consulted, and advised that the plaintiffs had a lien for the account; and upon the faith of the advice, the representation was made. Knowledge of the law is as imputable to the defendant Betz, as to the plaintiffs. The existence of a lien for the payment of the account, given by statute, was a matter as open to the inquiries of the one party, as the other. It was a matter upon which each had equal opportunities of forming an opinion. " It seems to us impossible," said the vice-chancellor, in *Rashdall v. Ford, supra*, " to extend the principle of relief, arising out of misrepresentation, to a statement of law which turns out to be an incorrect statement." If the defendant relied upon the statement, the reliance was upon the mere opinion of the plaintiffs, in reference to a matter as open to his inquiries, and of which it is presumed he had as full knowledge, as can be attributed to the plaintiffs.

The accompanying representation, that the plaintiffs had taken the necessary steps to establish the lien, if made, was

not understood as the assertion that they had instituted an action at law on the account, or filed a bill in equity for the enforcement of the lien. It is obvious, the defendant accepted it as a representation that there had been a record or registration of the contract, in the office of the judge of probate, as was necessary under pre-existing statutes. But no such record was necessary under the existing statute. The only step necessary was the commencement of suit, within twelve months from the completion of the work, or the time materials were supplied by the builder or mechanic. That period had not elapsed when the claim was transferred, nor had it elapsed when defendant Betz discovered there was no registration of the contract. The whole contention reaches itself into the point, that each party, in ignorance of the law, attached a peculiar value to the account against Kessler, upon the supposition that there was a lien upon the hotel for its payment. The misapprehension can not relieve the defendants from a liability they have voluntarily incurred. The Circuit Court erred in the instruction given the jury, and in the refusal of the instructions requested.

The nonsuit is set aside, the judgment reversed, and the cause remanded.