# Rutter & Hendrix *v.* Hanover Fire Insurance Company.

### Action on Fire Insurance Policy.

1. *Action on fire insurance policy; sufficiency of plea.*—In an action upon a fire insurance policy a plea of the defendant which

[Rutter & Hendrix v. Hanover Fire Insurance Company.]

avers that, in accordance with the provisions of the policy sued on, the plaintiff and the defendant, being unable to agree upon the amount of the loss sustained, entered into a written agreement, submitting the ascertainment of the loss to arbitration; that the arbitrators made an award; that after said award, the defendant tendered to the plaintiff the amount of loss fixed by said award, which amount, so tendered, is averred to have been brought into court, and that it was expressly stipulated and agreed and made a material part of the policy sued on, that no action could be maintained thereon, until after a full compliance by the plaintiff with all the requirements of said policy, and that, therefore, the plaintiff could only recover the amount so tendered by the defendant and paid into court, is a good plea, and not subject to demurrer.

2. *Action upon fire insurance policy; admissibility of evidence.*—In an action upon a fire insurance policy where the defendant, by special pleas, sets up that in accordance with the stipulation contained in the policy sued upon, the plaintiff and the defendant, being unable to agree upon the amount of the damages sustained submitted the ascertainment of said amount to arbitration, and that under said arbitration, an award was made which amount so ascertained, to be due was tendered plaintiff by the defendant, and the plaintiff, by replication, sets up a modification of the agreement of submission to arbitration, by which it was agreed that the arbitrators were to ascertain the loss or damage only to the property which was partially destroyed, it is permissible for the plaintiff to show that the modification alleged was by a verbal agreement entered into by the parties after the execution of the written agreement for arbitration; but the testimony as to the statements of the parties made prior to and at the time of entering into the written agreement of submission to arbitration are inadmissible in evidence.

3. *Rescission of contract; what representations sufficient therefor.* a misrepresentation of a material fact or thing directly relating to the subject matter of a contract, on which the acting party relies, and has a right to rely, inducing him to enter into the contract, is, in law, a fraud, whether made willfully and intentionally, or innocently, through ignorance, inadvertence or mistake, and gives such party a right to rescind the contract it may have induced; but a misrepresentation of a matter of law or a matter of judgment, or the expression of an opinion in reference to a matter equally open to the observation or inquiry of both parties, is not a fraud, and in the absence of the relation of trust and confidence between the parties,

or of some other peculiar fact or circumstance, does not vitiate the contract or furnish a ground for its rescission.

4. *Action upon fire insurance policy; sufficiency of replication.*—In an action upon a fire insurance policy, where a defendant sets up by a special plea, that, in accordance with the stipulations contained in the policy sued on, the plaintiff and defendant, being unable to agree upon the damage sustained, submitted the ascertainment of such damage to arbitration; that there was an award made, and that the amount of damage ascertained was tendered by the defendant to the plaintiff, a replication by the plaintiff which sets up that the agreement of submission to arbitration called for the appraisal of the property totally destroyed, as well as that partially injured, but that the award which was made only appraised the goods which were partially destroyed, and was, therefore, a failure on the part of the arbitrators to carry out the agreement of submission to arbitration, presents an answer to the defendant's plea and is not subject to demurrer; since an award which does not conform to the arbitration agreement is not binding on the parties to such agreement.

APPEAL from the Circuit Court of Montgomery. Tried before the Hon. J. C. RICHARDSON.

This was an action brought by appellants against the appellee to recover upon two fire insurance policies. The complaint contained two counts. In the first count the plaintiff claimed $2,000.00 due as the value of stock of merchandise which was destroyed by fire, and which was insured against loss by a policy issued on May 7th, 1900. The second count sought to recover $1,500.00 on a policy of insurance issued May 9th, 1900. Each of the counts of the complaint was in Code form.

The defendant pleaded several pleas. The first plea as originally filed was as follows: "1. That in and by each of the two policies sued upon, it was agreed and stipulated, among other things, that this company, the defendant, should not be liable beyond the actual cash value of the property at the time any loss or damage occurred, and that the loss or damage should be ascertained or estimated according to such actual cash value, with proper deduction for depreciation, however caused; that said ascertainment or estimate should be made by

the assured and this company, or, if they differed, then
by appraisers, as provided in each of said policies, and
in and by each of said policies it was further expressly
stipulated and agreed that in event of disagreement as
to the amount of the loss, the same should, as above pro-
vided, be ascertained by two competent and disinterest-
ed appraisers, the insured and the company each select-
ing one, and the first two chosen should first select a
competent and disinterested umpire; the appraisers, to-
gether should then estimate and appraise the loss, stat-
ing separately sound value and damage, and failing to
agree, should submit their differences to the umpire;
and the award in writing of any two should determine
the amount of such loss.   And defendant avers that after
said loss and heretofore, on, viz., the 8th day of Novem-
ber, 1900, plaintiffs and defendant differed and dis-
agreed as to the loss or damage caused by said fire under
the policies sued upon, and, in pursuance of the above
mentioned provision of said policies, the plaintiffs and
defendant entered into an agreement whereby they sub-
mitted said loss to an appraisement; that plaintiffs se-
lected one Hugo Noa as an appraiser, and defendant se-
lected one E. A. Scott as an appraiser; that the said
Hugo Noa and E. A. Scott, so selected as the appraisers,
before entering upon their duties as such appraisers,
took an oath to act with impartiality in making said ap-
praisment, and selected, in accordance with said provi-
sions in said policies, as umpire one Henry Boylan, and
said Boylan, before entering upon his duties as said um-
pire, took a like oath; that after said appraisers and
said umpire had so taken said oaths, they respectively
entered upon their duties as provided in said agreement,
and they examined into and appraised the said loss, stat-
ing separately sound value and damage and fixed said
damage, under both of said policies, at the sum of twelve
hundred and sixty-one and 46-100 ($1,261.46) dollars,
and awarded the same in writing at said amount.   And
defendant avers that by the terms of each of said poli-
cies it had sixty days within which to pay the loss after
notice, ascertainment, estimate and satisfactory proof
of said loss had been received by this defendant, includ-
ing an award by appraisers when appraisal had been re-

quired, and that subsequent to the appraisal of the said loss and said award under the said policies, and within sixty days thereafter, and on, to-wit, the 19th day of January, 1901, and before the commencement of this suit, the defendant tendered to the plaintiffs the said twelve hundred and sixty-one and 46-100 ($1,261.46) dollars, which was the full amount of said loss under both of said policies so found by said appraisal and award, in payment of the loss under said policies, which tender the plaintiffs refused, and defendant has always been and now is ready and willing to pay to plaintiffs the said amount, and now brings the money into court" This plea was subsequently amended by adding thereto the following averments: "And defendant avers that in and by each of the policies sued upon it was expressly stipulated and agreed and made a material part thereof, that no suit or action on said policy for the recovery of any claim should be sustainable in any court of law or equity until after full compliance by the insured, who are these plaintiffs in this suit, with all the foregoing requirements, which said requirements included the requirements above set forth in this plea as to appraisal of loss and damage in case of difference or disagreement between plaintiffs and defendant as to the amount of said loss and damage, and such loss was not payable until sixty days after said award was made by the appraisers, where an appraisal has been required, wherefore defendant says plaintiffs can only recover said amount so tendered and paid into court."

The second, third and fourth pleas of the defendant were of tender, in which defendant averred that pursuant to the award made by the arbitrators under the agreement of arbitration, entered into between plaintiffs and defendant, ascertaining that $1,261.46 was the amount of damages plaintiffs sustained, and defendant had tendered such amount to the plaintiffs, which they declined.

In the fifth plea the defendant set up the award by arbitration under and pursuant to the agreement entered into as provided by the stipulations contained in the policies, and that the defendant had tendered the amounts awarded the plaintiffs to them, which tender

plaintiffs refused, and which tender defendant in said plea averred they kept good, and further averred that they brought the money into court at the time of filing the pleas.

The plaintiffs moved to strike from the file the amendment to plea number 1 upon the following ground: "1. Said plea No. 1 as originally filed, is a plea of tender in accordance with an appraisment alleged to be had as provided by the policy sued upon, and the amendment impeaches the allegations originally filed as to the appraisement, and sets up that plaintiffs cannot recover even for the amount tendered. 2. Said plea, as amended, sets up two inconsistent defenses in one plea to the complaint. 3. Said plea, as originally filed, was one in confession and avoidance of the complaint, and the amendment sets up a defense directly in conflict with the plea as originally filed." This motion was overruled, and plaintiffs duly excepted.

The plaintiffs then demurred to plea number 1, as amended, upon the following grounds: "1. Said plea states the conclusions of the pleader, and sets up no facts sustaining said conclusions. 2. The facts showing the materiality of the stipulations referred to in said plea, as amended, are not set forth in said plea. 3. It is averred in and by said plea that the stipulations and agreement were a material part of the policy sued upon, but the facts showing that said stipulations and agreement were material are not set forth or alleged. 4. Said plea, as amended, sets up two inconsistent defenses in one plea to the complaint. 5. The amendment to said plea is vague and indefinite, as to the matters and things with which it is charged that plaintiffs failed to comply. 6. Said plea as amended, shows that an appraisal was entered into and an award made in accordance therewith, and that defendant tendered the money as shown by said award, to the plaintiffs, and also shows notwithstanding that fact, that plaintiffs have failed to comply with the requirements for an appraisment and that said appraisement has not been had. 7. Said plea seeks to bar the right of the plaintiffs to recover in this case, because of the stipulation in the policy sued upon, that the loss was not pay-

able until sixty days after the award was made by the appraisers, where an appraisal has been required, and does not allege that plaintiffs have declined or refused to enter into said appraisement, nor that said appraisement has been required by defendant." This demurrer was overruled, and thereupon the plaintiffs filed several replications to pleas 1 and 4. Among these replications were the following: "1. That the damage to the goods and property that was totally destroyed was not submitted to the appraisers. 2. That it was agreed by and between plaintiffs and defendant at the time of the execution of the articles of appraisement, that said appraisers should ascertain and appraise the loss only to the goods and property damaged, and not the loss and damage on those actually and wholly destroyed, and said appraisers were so advised before entering upon the discharge of their duties as such, and did not ascertain and appraise the loss upon the goods and property wholly destroyed. 3. That the agreement of appraisement between plaintiffs and defendant was modified at the time and subsequent to the execution thereof by an agreement between plaintiffs and defendant, by which it was understood and agreed that the appraisers should ascertain and appraise only the loss to the goods and property that were damaged, and not the loss and damage on those actually and wholly destroyed, and said appraisers were advised of this modification of said agreement of appraisement, and did not ascertain and appraise the loss upon the goods and property wholly destroyed; wherefore plaintiffs aver that said award is not binding upon them, except to the extent of the loss and damage upon the goods that were not totally destroyed. 4. That said appraisers did not ascertain nor appraise the loss upon the goods and property wholly destroyed. 5. That the award of the appraisers only ascertained and appraised the damage and loss upon the goods and property that were not entirely and wholly destroyed. 6. Plaintiffs allege that they were induced to sign said agreement of appraisement upon the agreement with, and representations made to them, at the time of the execution thereof, by F. A. McCarroll, who was the agent of defendant and represented said defendant at

said time, and who was then and there acting for defendant in the preparation of said appraisement, and was entrusted by said defendant with the duty of settling the loss here involved, and who executed said appraisement in the name of and for the defendant; that said agreement did not include, nor were the appraisers to ascertain or appraise, the loss to the goods and property wholly destroyed; and plaintiffs aver that they relied upon said representation and agreement made by them with the said McCarroll and thereby signed said agreement, and plaintiffs aver that they were misled by said agreement and representations made by said McCarroll, and were, for said reason, prevented from presenting to said appraisers their claim for damage to goods that were wholly destroyed by fire. 7. That the appraisers in making their award were guilty of a gross mistake of fact, in that they did not appraise or consider in their award any goods or property totally destroyed, and plaintiffs aver that there were goods and property of the value of, to-wit, $1,600.00, totally destroyed.". "9. That the agreement of appraisement between plaintiffs and defendant was modified at the time and subsequent to the execution thereof and before said appraisers entered upon the discharge of their duties, by an agreement between plaintiffs and defendant, by which it was understood and agreed that the appraisers should ascertain and appraise only the loss to the goods and property that were damaged, and not the loss and damage on those actually and wholly destroyed, and said appraisers were advised of this modification of said agreement of appraisement, and did not ascertain and appraise the loss upon the goods and property wholly destroyed, and made this award only as to the damage to the goods not wholly destroyed; wherefore, plaintiffs aver that the said award is not binding upon them, except as to the extent of the loss and damage upon the goods that were not totally destroyed, and the loss suffered by plaintiffs upon the goods totally destroyed and not appraised was, to-wit, $1,600.00, which amount of goods and property were totally destroyed and not appraised by the appraisers nor included in their award. 10. Plaintiffs allege that they were induced to sign said agreement of

14

appraisement upon the agreement with and representation made to them, at the time of the execution thereof, by F. A. McCarroll, who was the agent of the defendant and represented said defendant at said time, and who was then and there acting for defendant in the preparation of said appraisement, and was entrusted by said defendant with the duty of settling the loss here involved, and who executed said appraisement in the name of and for the defendant; that said agreement did not include nor were the appraisers to ascertain or appraise the loss to the goods and property wholly destroyed; and plaintiffs aver that they relied upon said representation and agreement made by them with the said McCarroll, and thereby signed said agreement; and plaintiffs aver that they were thereby misled by said agreement and representation made by said McCarroll and were, for said reason, prevented from presenting to said appraisers their claim for damage to goods that were wholly destroyed by fire; and plaintiffs aver that they suffered a loss upon goods and property that were wholly destroyed of a large sum, to-wit, $1,600.00, and said appraisers did not consider any of said goods in their appraisal nor in their award. 11. That the agreement of appraisement between plaintiffs and defendant was modified subsequent to the execution thereof and before said appraisers entered upon the discharge of their duties by an agreement between plaintiffs and defendant by which it was understood and agreed that the appraisers should ascertain and appraise only the loss to the goods and property that were damaged and not the loss and damage on those actually and wholly destroyed, and said appraisers were advised of this modification of said agreement of appraisement, and did not ascertain and appraise the loss upon the goods and property wholly destroyed, and made their award only as to the damage to the goods not wholly destroyed, wherefore plaintiffs aver that said award is not binding upon them except to the extent of the loss and damage upon the goods that were not totally destroyed and not appraised was, to-wit, $1,600.00, which amount of goods and property were totally destroyed, and not appraised by the appraisers, nor included in their award."

The defendants demurred to the replications 1 to 6 upon the following grounds, among others: "1. It does not appear that the defendant advised the appraisers that they were not to appraise the loss on property wholly destroyed. 2. It is not averred that the appraisers did not make said appraisement in accordance with the terms of said articles of appraisement. 3. It is not alleged that the agreement that the loss on goods and property wholly destroyed could not be appraised by the appraisers was omitted from the articles of appraisement by reason of any accident, fraud or mistake. 4. It is not alleged that defendant perpetrated any fraud, or was guilty of any concealment or misrepresentation of facts to induce plaintiffs to enter into such articles of appraisement. 5. It is not alleged that whether said subsequent agreement was in writing or verbal. 6. Said replication seeks to avoid the terms of the written contract mentioned in the plea by statement of a conclusion upon a matter of law by one of the parties to said contract. 7. That no sufficient grounds for avoiding or annulling the award is set forth in the plea as averred in the replication."

To the seventh and tenth replications the defendants demurred upon the following grounds: "1. It is not alleged that the articles of appraisement provided for the appraisement of goods or property which had been wholly destroyed. 2. It is not alleged that any evidence was submitted to said appraisers as to the value of said goods and property which had been totally destroyed. 3. It is not alleged that said appraisers were called upon to appraise the goods and property which had been totally destroyed. 4. It is averred that the articles of appraisement were modified at the time of their execution, and yet it is not denied that the articles of appraisement were as alleged in the plea. 5. It is not alleged that the agreement modifying said articles of appraisement and which is alleged to have been executed subsequent to the said articles of appraisement was executed prior to the said appraisement. 6. It is not alleged that said appraisers were notified or advised before making said appraisement that by the agreement of the parties said appraisement should not include the

goods which had been totally destroyed." The defendants also demurred to the 8, 9, and 11 replications. The court sustained the demurrers to replications 1 to 8, but overruled them to replications 9, 10 and 11. The facts relating to the rulings of the court upon the evidence are sufficiently stated in the opinion.

There were verdict and judgment for the plaintiffs, fixing their recovery at $1,343.16. Plaintiffs appeal and assign as error the several rulings of the trial court to which exceptions were reserved.

GRAHAM & STEINER, for appellants.—The agreement of appraisal is a contract, and as such must be here treated.—*Brown v. Mize*, 119 Ala. 10. A submission being a contract, may be altered or amended at any time by the consent of the parties.—2 Am. & Eng. Ency. of Law, 589 (N. S.), and authorities cited. A written submission may be altered by parol.—*Graham v. Graham*, 9 Pa. St. 254; *Fruit v. New*, 20 Barb. (N. Y.), 481; *Shockey v. Glasford*, 6 Dana (Ky.), 9; *Cooley v. Dill*, 1 Swan. (Tenn.), 313; 2 Am. & Eng. Enc. of Law, 593 (N. S.) The contract can be altered by parol, but *must be liberally construed to that end.—Graham v. Graham*, 9 Pa. St. 254. The agent, McCarroll, entered into the agreement of appraisement and could also amend it. The case of *Georgia Home Insurance Company v. Kline*, 114 Ala. 336, is decisive of this case, in our opinion. In that case it was attempted to combat the *award*. In our case we say the award is all right and is binding, but that it only extends and is the result of the submission *as amended*, and not the submission as originally entered into. We do not attack the award, but say that it is binding on us, but insomuch as the submission was modified before appraisal and the appraisers so advised, the award is presumed to be in accordance with the submission.

WATTS, TROY & CAFFEY, *contra.*—There was a motion to strike the amendment and a demurrer to plea one as amended. The plea was good. The motion to strike and the demurrer were properly overruled.—*Hamilton v. Liverpool, L. & G. Ins. Co.*, 136 U. S. 242; *Hamilton v.*

[Rutter & Hendrix v. Hanover Fire Insurance Company.]

*Home Ins. Co.,* 137 U. S. 370; *Ga. Home Ins. Co. v. Kline,* 114 Ala. 366; *Western Assurance Co. v. Hall,* 112 Ala. 318.

The demurrers to the replications which were sustained were properly sustained. Said replications did not present an answer to the defense averred in the pleas to which they replied.—*Warden v. Ga. Home Ins. Co.,* 113 Ala. 479; *Ga. Home Ins. Co. v. Kline,* 114 Ala. 366; *Chandor v. American Fire Ins. Co.,* 119 L. R. A. 324; *Hamilton v. L., L. & G. Ins. Co.,* 136 U. S. 242; *Hamilton v. Home Ins. Co.,* 137 U. S. 370; 4 Joyce on Ins. 3247, 3262; 13 Am. & Eng. Ency. (2d ed.), 364; Elliott on Ins., §§ 60, 120; *West. Assurance Co. v. Hall,* 112 Ala. 318; 24 So. Rep. 937; Code of Ala. 1896, § 524.

The action of the court in excluding all testimony in relation to the value of the goods, the amount of damage, etc., was free from error. The appraisement was the best evidence of the amount of loss and the plaintiffs were bound by the award; and it was not shown what goods had been and what had not been included in the appraisement.—*Ga. Home Ins. Co. v. Kline,* 114 Ala. 336.

DOWDELL, J.—This is an action on two policies of insurance, the complaint being in Code form. The defendant company filed pleas of tender, and special pleas setting up an award had on a submission to arbitration under and pursuant to the stipulations contained in the policies. Issue was joined on the pleas of tender, numbered two and three, and replications were filed to the special pleas. Demurrers were interposed and sustained as to replications numbered from one to eight inclusive, and overruled as to the 9th, 10th, and 11th. Replications 9th and 11th set up a modification of the agreement of submission for award, and the 10th sets up misrepresentation by defendant's agent whereby plaintiffs were induced to sign the agreement of submission.

Plea No. 1 after having been filed was amended, and a motion was made to strike the amendment, which was overruled. A demurrer was then interposed to this plea as amended, which was likewise overruled. The correctness of these rulings is questioned by the first

and second assignments of error.  We think there can be no doubt that plea 1 as amended was a good plea, and the motion to strike and the demurrer were properly overruled.—*Ga. Home Ins. Co. v. Kline*, 114 Ala. 366; *Western Assurance Co. v. Hall*, 112 Ala. 318; *Hamilton v. Liverpool, L. & G. Ins. Co.*, 136 U. S. 242; *Hamilton v. Home Ins. Co.*, 137 U. S. 370.

As stated by counsel for appellants in argument, the main and important question in the case, is the one presented by the replications setting up a modification of the agreement of submission for appraisal and award. That there was such an agreement entered into by the parties in writing, pursuant to the stipulations in the policies, is not denied.  Nor is it denied that an appraisal was had and an award made.  It is not pretended that the modification of the agreement was in writing, but a verbal modification is sought to be shown, and this by statements made by appellant Hendrix, and the defendant's agent, McCarroll, at the time of, and subsequent to the execution of the written agreement of submission to appraisal, and before the appraisers entered upon the appraisement.  That the written agreement of submission was subject to change and modification by subsequent verbal agreement, as any other written contract, as a question of law, is hardly to be doubted.  That the terms and conditions of a written contract may not be varied by verbal agreements made before or contemporaneous with the writing, is an elementary proposition of law, and too well established to call for citation of authority.  The action of the court in excluding testimony as to the statements of parties made prior to and at the time of entering into the written agreement of submission for appraisal, which sought to vary the terms of the writing, was free from error.

In the case of the *Georgia Home Ins. Co. v. Warten*, 113 Ala. 479, it was said by this court: "It is not every representation, untrue in itself, made in the course of negotiations leading to a contract, which will justify or authorize a rescission of the contract.  As a general rule, it has long been the doctrine prevailing in this court, that the misrepresentation of material facts, on which the party acting relies, and has the right to rely,

whether made willfully and intentionally, or innocently, from ignorance, inadvertence, or mistake, will avoid a contract it may have induced [citing *Juzan v. Toulmin,* 9 Ala. 662; *Munroe v. Pritchett,* 16 Ala. 785; s. c. 22 Ala. 501; *Davis v. Betz,* 66 Ala. 210; *Rivers v. DuBose,* 10 Ala. 475; *Townsend v. Cowles,* 31 Ala. 428]. But these, and all our decisions hold, that in the absence of a relation of trust and confidence, or of some other peculiar fact or circumstance, a misrepresentation of matter of law, or of matter of judgment equally open to the observation or inquiries of both parties, or of mere opinion, will not vitiate a contract." After citing and quoting from other authorities, it was further said in that case: "In *Townsend v. Cowles, supra,* after a careful examination of authority, and deliberate consideration of the subject, it was ruled, that a misrepresentation of the legal effect of a written instrument was, from its very nature, but the expression of an opinion upon a question of law, equally open to the observation and inquiries of both parties, and as to which, the law presumes that the party to whom it was made had knowledge." The agreement for submission to appraisers set forth as exhibit "A" to the defendant's plea contained the following stipulation: "It is expressly understood that this agreement and appraisement is for the purpose of ascertaining and fixing the amount of sound value and loss and damage *only,* to the property hereinafter described, and shall not determine, waive or invalidate any other right or rights of either party to this agreement." "The property on which the sound value and the loss or damage is to be determined is as follows, to-wit: On stock of merchandise, consisting principally of dry goods, groceries, notions, drugs, cigars, tobacco, and such other mdse. usually kept for sale in a general mdse. store. On store furniture and fixtures, including iron safe, while contained in the one story brick, metal roof building situated on the N S of Bell St. on land on the Peoples Cotton Factory, Montgomery, Ala." "It is further expressly understood and agreed that in determining the sound value and the loss or damage upon the property, hereinbefore mentioned, the said appraisers are to make an estimate of the actual cash cost of replacing or repair-

ing the same, or the actual cash value thereof at and immediately preceeding the time of the fire; and in case of depreciation of the property from use, age, condition, location or otherwise, a proper deduction shall be made therefor." We think it quite clear that the terms of the agreement called for an appraisal of the property totally destroyed as well as for that partially injured, and we do not understand that counsel for the appellee insist to the contrary. It was the duty of the arbitrators under this agreement to appraise the property totally destroyed, as well as that which was partially destroyed, unless there had been a modification of the agreement of appraisal by the parties that dispensed with such duty on the part of the arbitrators. The award which was made only appraised the goods which were partially destroyed, and in this respect there was a failure on the part of the arbitrators to carry out the agreement of appraisal. An award which does not conform to the arbitration agreement is not binding on the parties to such agreement. Plaintiffs' replication No. 7, to which a demurrer was sustained, set up in answer to the defendant's plea of arbitration and award, the failure of the arbitrators to appraise the property which was totally destroyed. The court erred in sustaining the demurrer to this replication.

Plaintiffs' replications nine and eleven to the defendant's plea set up a subsequent modification of the agreement of appraisal entered into by the parties, by which it was understood and agreed that only the goods partially injured were to be appraised and valued by the arbitrators, and an award to be made accordingly, and that the goods totally destroyed were not to be included in this appraisement. In support of the replications the plaintiffs offered evidence tending to show, that subsequent to the execution of the appraisal agreement set up in defendant's plea, it was agreed and so understood between the parties to the agreement, that the appraisers were to appraise only the goods partially injured and not the goods totally destroyed, and that the appraisers were so informed before entering upon their duties as such. If the parties subsequent to the execution of the appraisal contract, by mutual agreement and under-

standing, put a construction upon their contract different from what the contract furnished on its face, this would be equivalent to a modification of the contract to that extent. This, the evidence of the witness Hendrix tended to show, and it was error to exclude it. If the award was not binding on the plaintiffs under the facts set up in replication seven, or if the appraisal agreement was modified as set up in replications nine and eleven, then in either case, it would be competent to show the property totally destroyed and its value.

For the errors indicated, the judgment of the court must be reversed and the cause remanded. Other rulings of the court on the demurrers to the replications than the ones passed on in the foregoing opinion seem to be free from error.

Reversed and remanded.