# Pritchett *v.* Fife.

## *Detinue.*

(Decided June 12, 1913. Rehearing denied June 27, 1913. 62 South. 1001.)

1. *Infants; Action Against; Capacity.*—An action of detinue is in tort, and may be maintained against a minor; hence, pleas setting up defendant's minority were subject to the demurrers interposed.

2. *Same; Action; Pleading; Defense.*—Pleas setting up defendant's incapacity to bind himself by certain stipulations mentioned

[Pritchett v. Fife.]

therein, because of his minority, were demurrable, for the invalidity of the contract as against the defendant, did not prevent it also being voidable as to plaintiff if his property was obtained by false representations made therein.

3. *Same; Rescission.*—The minority of a party to a horse trade preventing him from incurring a binding obligation by the transaction could not affect the right of the other party to rescind because of false representations made by the minor.

4. *Sales; Rescission by Buyer; Fraudulent Representation.*—A misrepresentation of a material fact by a seller, whether made with a knowledge of its falsity, or with an intent to deceive or not, is grounds for a rescission by the buyer, if it formed an inducement to his purchase and was reasonably relied on by him as being true.

5. *Exchange of Property; Rescission; Instruction.*—In an action of detinue by a party to a horse trade to recover the property traded by him because of the other party's fraudulent representation, a charge asserting that if defendant only stated that the mules traded by him were all right and sound, this would be a guarantee or representation, such as would constitute fraud, and authorize plaintiff to rescind and recover his mules, and that the verdict should be for defendant, was properly refused as being contradictory in terms.

6. *Same.*—In such an action, a charge asserting that unless the jury was reasonably satisfied from a preponderance of the evidence that the defendant did not make any representation as to the soundness of the mule traded by him, their verdict must be for the defendant, probably did not state the proposition intended to be stated, and was properly refused.

APPEAL from Pickens Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Detinue by U. G. Fife against Tommie Pritchett. Judgment for plaintiff, and defendant appeals. Affirmed.

The pleadings and facts sufficiently appear from the opinion. The following charges were refused the defendant: (2) "The court charges the jury that if you believe the evidence in this case that defendant stated or said that at the time the trade was made his mules were all right and sound, and that if you further believe that defendant was a minor at the time, then he would not be bound by this statement, and your verdict should be for defendant." (4) "If you believe defendant only stated that the mules were all right and sound, this would be a guaranty or representation such as would

constitute fraud and authorize plaintiff to rescind his contract and recover his mules, and your verdict will be for defendant." (5) "Before you can render a verdict for defendant, you must believe from the evidence that the defendant guaranteed or represented the mules that he let plaintiff have to be sound and all right, and that defendant knew at the time of making such representation or guaranty that the mules were unsound and not all right." (6) "Before you can find for the plaintiff, you must be reasonably satisfied from a preponderance of the evidence that defendant knew at the time he made the statement that the mules were all right and sound, that they were unsound and were not as represented by him." (7) "Before you can find for plaintiff in this case, you must be reasonably satisfied from the evidence that, when defendant said the mules were all right and sound, he knew that one of the mules was not all right and was not sound." (8) "If the jury believe that what defendant said at the time of the trade was that they were all right and sound, then this would not constitute fraud, and your verdict must be for defendant." (9) "Before the jury can find for plaintiff in this case, they must be reasonably satisfied from all the evidence that defendant knew that the mules or one of them were unsound at the time he traded with plaintiff." (11) "If there was any representation or guaranty made by defendant at the time of the trade as to the condition of the mule or mules, and he honestly believed such representation to be true, and that he did not know that said mules were unsound, or that one of them was unsound, then such representation would not constitute fraud, and plaintiff cannot recover in this suit." (12) "If the jury believe from the evidence that defendant was a minor at the time he traded with plaintiff, and that he made any guaranty that the mules were sound and all

[Pritchett v. Fife.]

right, then this guaranty would not bind him nor authorize plaintiff to recover." (14) "Unless you are reasonably satisfied from the evidence that at the time the defendant made the trade with the plaintiff he knew the mule or mules were unsound, and that if he made a statement or representation as to their condition he made it for the purpose of deceiving or working a fraud upon plaintiff, they cannot find for defendant." (15) "Unless the jury believe from a preponderance of the evidence that at the time the defendant made the trade with plaintiff he knew the mules were unsound, and that if he made a statement or representation as to their condition, he made the statement for the purpose of deceiving and working a fraud on the plaintiff, they cannot find for the plaintiff." (16) "Unless the jury is reasonably satisfied from a preponderance of the evidence that defendant did not make any representation as to the soundness of the mule or mules, then your verdict must be for defendant." (19) "In the absence of fraud, the general rule of law as to the sale of personal property is that the buyer takes it at his own risk, and that, unless you believe by a preponderance of the evidence that the defendant practiced a fraud knowingly and intentionally as to said mules, then your verdict must be for defendant."

WALTER NESMITH, for appellant. The appellant was a minor, and had no authority to warrant or guarantee the property, and minority being a personal privilege, must be pleaded specially.—*Cooper v. Payne*, 94 Ala. 223; *Riley v. Dillon*, 148 Ala. 283; *Howland v. Wallace*, 2 Ala. 238. The court, therefore, erred in sustaining demurrers to the pleas.—*Boslin v. K. C. M. & B.*, 114 Ala. 398; *Daniels v. Hamilton*, 52 Ala. 105. A cause of action cannot be changed to tort in order to deprive

an infant of his plea of infancy.—*Oliver v. McClellan,* 21 Ala. 675; 23 N. A. A. D. 365; 33 Md. 128; 32 N. H. 101; 10 Hun. 560; 11 S. & R. 305. The plaintiff cannot recover in this case, upon any warranty or guaranty.— Authorities supra, and *Widsworth v. Thomas;* 83 Ala. 309. Dr. Harris was not qualified as an expert.—7 A. & E. Enc. of Law, 491; *Porter v. State,* 140 Ala. 87; *Burney v. Torrey,* 100 Ala. 157. No legal tender was shown, and it was not shown that plaintiff relied on any representations made by defendant, and all the testimony should have been excluded.—121 Ala. 621. The court should have given charge 1.—*Wadsworth v. Thomas, supra; Wilcox v. San Jose,* 113 Ala. 519; *Samples v. Guyer,* 120 Ala. 611. Counsel discusses errors assigned as to the refusal of the written charges, but cites no authority.

Curry & Robinson, for appellee. No brief reached the Reporter.

WALKER, P. J.—This was a statutory action of detinue for the recovery of two mules and a set of harness.

The demurrers to pleas 1, 2, and C were properly sustained. Pleas 1 and C set up the fact of the defendant's minority as a defense to the suit. The action of detinue, being for the recovery of personal property wrongfully detained, is in tort, and may be maintained against a minor.—*Oliver v. McClellan,* 21 Ala. 675; 22 Cyc. 621.

Plea 2 avers that the property sued for was obtained by the defendant from the plaintiff in a horse swap, in which the defendant guaranteed and warranted that the property which he let the plaintiff have in the trade was all right and sound, and sets up the incapacity of the defendant, because of his minority, to bind himself by such stipulations. A plea, setting up the invalidity

as against the defendant of a contract which is not sued
on, does not show that the contract was not also void-
able so far as the plaintiff was concerned, as it would
be if his property, which was the subject of it and for
the recovery of which he is suing, was obtained from
him by a false representation of a material fact upon
which he relied.—*Davis, Moody & Co. v. Betz,* 66 Ala.
206; *Rutter & Hendrix v. Hanover Fire Ins. Co.,* 138
Ala. 202, 35 South. 33; *Fuller v. Chenault,* 157 Ala. 46,
47 South. 197; *Walker v. Davis,* 1 Gray (Mass.) 506.

There was evidence tending to prove that the defend-
ant obtained from the plaintiff the personal property
sued for in exchange for other personal property; that
in the trade resulting in such exchange the defendant
stated and represented to the plaintiff that the mules
given by him in the exchange were sound and all right;
that the plaintiff entered into the transaction in reli-
ance on the truth of this statement or representation;
that shortly after the trade was made the plaintiff dis-
covered that one of the mules obtained by him from
the defendant was what was called a "choker," being
afflicted with a physical defect which materially dis-
abled it for work; that promptly after the discovery
of this defect the plaintiff offered to redeliver to the de-
fendant the property received from him, tendered the
same to him, and demanded of him the property which
he had obtained from the plaintiff in the trade, and
that, upon the defendant's refusal or failure to comply
with this demand, this suit was brought.

In the course of the trial a number of exceptions were
reserved to rulings of the court on objections to the ad-
mission of testimony. We find no prejudicial error in
any of these rulings. None of the questions raised by
them are novel or difficult, and a discussion of them is
not deemed necessary.

The exceptions which were reserved to the court's oral charge cannot be sustained, as neither of the propositions which were stated in those exceptions was asserted by the court in its charge. By those exceptions the defendant complained of rulings which the court did not make.

A misrepresentation of a material fact by a vendor, whether made with a knowledge of its falsity or with intent to deceive or not, is a ground for a rescission at the instance of the vendee, if it formed an inducement to his purchase and was reasonably relied upon by him as true.—*Brewer v. Arantz*, 124 Ala. 127, 26 South. 922; *Brenard Mfg. Co. v. Citronelle Mercantile Co.*, 140 Ala. 602, 37 South. 509; *Rutter & Hendrix v. Hanover Fire Ins. Co.*, 138 Ala. 202, 35 South. 33.

Written charges 5, 6, 7, 8, 9, 11, 14, 15, and 19, each involved an assumption inconsistent with the proposition just stated, and they were properly refused.

Written charge 2 requested by the defendant was properly refused, as it in effect asserted the untenable proposition that, if the defendant, because of his minority, did not incur a binding contract obligation by the transaction as the result of which he obtained the plaintiff's property which is sued for, the latter could not rescind that transaction and recover his property, though it was obtained from him by a false representation of a material fact upon which he relied.

Charge 4 requested by the defendant, as it is set out in the record, asserts in effect that though the plaintiff, because of a fraud practiced upon him by the defendant, was entitled to rescind the trade and to recover his property, yet the verdict should be for the defendant. It is plain that the defendant was not entitled to require the court to give such a proposition in charge to the jury. Refused charge 12 also improperly assumed that

the fact of the defendant's minority was entitled to be given the effect of depriving the plaintiff of the right to rescind the trade because of a misrepresentation of a material fact, and it was properly refused.

Written charge 16 requested by the defendant, as it is set out in the bill of exceptions, probably does not state the proposition intended to be asserted, but plainly it does not state a proper predicate for a verdict in his favor. It was properly refused.

No reversible error is found in the record.

Affirmed.