# *Ex Parte* Pritchett.

## *Detinue.*

(Decided May 21, 1914. 65 South. 521.)

*Infants; Sales; Rescission; Fraud.*—Where an infant induced another to enter into a trade to exchange certain mules and harness on the representation that his mules were perfectly sound, when in fact they were not, and one of them was wholly worthless, and on discovering the fraud, the other party promptly rescinded the exchange and tendered the infant his mules and harness, and demanded his own, and brought detinue on the infant's refusal to rescind and did not rely on the warranty of the infant, infancy of the other contracting party was no defense to the action.

ORIGINAL petition in the Supreme Court.

[Ex Parte Pritchett.]

Petition by Tommy Pritchett for certiorari to the Court of Appeals to review and revise the decision of said court in the case of *Pritchett v. Fife,* 8 Ala. App. 462; 62 South. 1001. Writ denied.

WALTER NESMITH, for appellant. The plea of infancy is required to be pleaded specially, it being a personal privilege.—*Cooper v. Payne,* 94 Ala. 223; *Riley v. Dillon,* 148 Ala. 283. The plea was sufficient and the court erred in sustaining the demurrers.—*Daniels v. Hamilton,* 52 Ala. 105. The plea of infancy was also good because if the injury complained of arises from a breach of the contract, although there may have been false representations or concealments respecting the subject-matter of it, the infant cannot be charged for the breach of promise or contract by a change in the form of action. The cause of action cannot be changed to tort in order to deprive the infant of his plea of infancy.—*Oliver v. McClellan,* 21 Ala. 675; 23 N. Y. A. D. 365; 10 Hun. 560; 11 S. & R. 305; 33 Mr. 128; 22 Cyc. Infancy § 620. Plaintiff cannot recover upon any warranty.—*Wadsworth v. Thomas,* 83 Ala. 309, and authorities supra.

CURRY & ROBINSON, for appellee. The writ should be denied on the authority of *Pritchett v. Fife,* 8 Ala. App. 462, and authorities there cited.

MAYFIELD, J.—This petition is for a certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the cause of *Tommie Pritchett v. U. G. Fife,* 8 Ala. App. 462, 62 South. 1001, on appeal from the circuit court of Pickens county. Every ruling of the trial court and of the Court of Appeals adverse to the defendant in the trial court (appel-

lant in the Court of Appeals, and petitioner here) is assigned and insisted upon as error. The action in the trial court was detinue for two mules and a set of harness. The trial resulted in verdict and judgment for the plaintiff. The defendant appealed to the Court of Appeals, and the judgment was by that court affirmed. The defendant now applies to this court for certiorari to correct and revise the judgment and decision of the Court of Appeals, and, as stated above, assigns every adverse ruling as error.

We have carefully examined the record in the Court of Appeals, together with the opinion of that court, and we find no error.

The defendant's theory of the case is based on an entirely false premise, as was pointed out by the Court of Appeals. The defendant was a minor, and attempted to defeat the action of detinue on the ground that he was a minor, and so was not bound by his warranty or contracts.

The plaintiff did not seek to recover the property in question on any contract or warranty of the defendant, but sought to recover on the ground and theory that the defendant had obtained the property from plaintiff by actual fraud, and hence that the defendant's infancy was not a defense as against an actual fraud committed by the infant.

Plaintiff and defendant had swapped mules and harness. Defendant represented that the mules he swapped were perfectly sound, when, as a matter of fact, they were not sound, one of them being a "choker" and wholly worthless; and, when plaintiff discovered the fraud, he promptly rescinded the trade, tendering the defendant his mules and harness, and demanding his own. Defendant refused to deliver to plaintiff, and the latter brought an action of detinue to recover.

[Gossett, et al. v. Morrow.]

If plaintiff had sued upon the warranty, this defense of minority would have been availing; but he did not sue upon the warranty. He treated the transaction (as he had a right to do) as a palpable fraud practiced upon him by the defendant, and rescinded the trade on account thereof, and brought detinue to recover back his mules. Infancy is no defense to such an action, as is well pointed out by the Court of Appeals. Nearly all of the defendant's argument is based on the erroneous supposition that infancy was a defense to the action, even though the infant had perpetrated an actual fraud upon the plaintiff.

It is wholly useless to treat each of the petitioner's insistences separately; but all have been examined, and found to be without merit, and to have been fully answered by the opinion in the Court of Appeals. See *Pritchett v. Fife,* 8 Ala. App. 462, 62 South. 1001.

Certiorari denied. All the Justices concur.