## RIVERS & PORTIS v. DUBOSE.

1. When an administrator sells a slave of his intestate as unsound, and the purchaser prepares a bill of sale with warranty, which the administrator signs, in consequence of the purchaser's representation, that the warranty is a mere form, he will not be permitted to set up the warranty and unsoundness as a defence to the note given for the purchase money.

Writ of Error to the Circuit Court of Clarke.

DEBT by Dubose, on a note to him as administrator of Wm. Brookshear, for $480, dated 24th February, 1844, payable six months after date. The defendants pleaded *nil debit*, with other pleas.

At the trial, after the note was read to the jury, the defendants put in evidence a bill of sale made by the plaintiff, on the same day as the date of the note, reciting the receipt by him of the sum stated in the note, as the price of a female slave, which the plaintiff, as administrator of Brookshear, warranted to be sound. The connection between the note and bill of sale was shown by the subscribing witness to the latter. The plaintiff asked this witness whether, when the bill of sale was presented to be executed, he did not object to sign it, and what reply was then made by the defendant. The defendants objected to this question, but the court allowed it.

The witness then stated, the plaintiff objected to signing the bill of sale, and said he had not agreed to warrant the soundness of the slave, which he had publicly proclaimed at the sale to be sold as a sick slave; that he could not warrant her. The defendant replied to this, that it was only a mere form; that he was satisfied with his purchase and the plaintiff should never hear any thing more of it. That thereupon the plaintiff signed the bill of sale.

The defendants proved, the slave at the time of sale was

diseased, and in such a manner that the extent of the disease could not be detected, except by a peculiar examination, and by one skillful in the disease. Also, by one witness, that the slave was valueless, and by another that she was worth only $300. The plaintiff proved the slave was sold as unsound, and that a physician then present was referred to for the necessary information of the nature and extent of the disease, he having attended her. It was also proved, that if sound, the slave was worth, at the time of the sale, $600. Also, that the defendant, to whom the bill of sale was given, was a lawyer and acted as the counsel for the heirs of Brookshear, or some of them.

On this evidence, among other matters, the court charged the jury—

That if they believed the warranty of the soundness of the slave contained in the bill of sale, was procured from the plaintiff by false and fraudulent representations, said warranty was void, and not binding on the plaintiff.

The defendants requested the charge—

That the representations made by the defendant procuring the bill of sale, did not amount to such a fraud as would avoid the warranty.

This was refused, and the defendants excepted to the charge given, as well as to the refusal to charge.

All the questions made in the court below are opened by the assignments of error.

J. W. HENLEY, for the plaintiff in error, argued—

1. That all previous parol stipulations are waived, when the contract is reduced to writing, and the writing is held to contain all which the parties intended, and no more. Parol evidence cannot therefore be admitted of what the parties said at or before the execution of the writing. [Cowen & Hill's Notes, 1466 ; Paysant v. Ware, 1 Ala. Rep. 160 ; Mead v. Steger, 5 Porter 498 ; Sommerville v. Stephenson, 3 Stewart, 271.]

2. When a party seeks by parol proof to avoid a written instrument for fraud, he must first lay the foundation by showing a *prima facie* case of fraud. [Paysant v. Ware, 1

Rivers & Portis v. Dubose.

Ala. Rep. 168; Kennedy v. Kennedy, 2 Ib. 571; Cowen & Hill's Notes, 1449; 3 Starkie on Ev. 1015.]

3. There was no fraud practiced to obtain the warranty, and a wrongful use of it afterwards will not avoid the contract. [Kennedy v. Kennedy, 2 Ala. Rep. 571, 592; Mordecai v. Wanroy, 1 Ib. 100; Swift v. Fitzhugh, 9 Porter, 63; *Ex parte* Fisher, 18 Wend. 608.]

LESLEY, contra, insisted the warranty was induced by the false representation that it was a mere form, and the party cannot take the benefit of this falsehood by suit. [Hall v. Perkins, 3 Wend. 628; Story on Con. § 100; 2 Bailey, 329.]

GOLDTHWAITE, J.—Most of the points made by the counsel for the plaintiffs in this court are undeniable as legal propositions, but as it seems to us, they have little or no application to the case at bar. It is said, that when a party designedly misrepresents a certain fact, for the purpose of misleading and imposing on the other party, to his injury, he is guilty of a positive fraud, and even if a material misrepresentation be made inadvertently, and through mistake, or ignorance, it is considered as a constructive fraud, because it is equally an imposition and deception. See cases cited, Story on Con. 107 § 171. In this view it is not very material to inquire, whether the defendant, who represented to the plaintiff, that the insertion of the warranty clause in the bill of sale was a mere form, intended at the time to deceive the party, or whether the assertion was made inadvertently, as the legal effect of the misrepresentation is the same in either case. So far as this case is concerned, the warranty, when asserted as a defence, is within the familiar principle, that no one shall claim advantage from his own wrong.

We are unable to perceive any error in the manner in which the cause was put to the jury. Judgment affirmed.