## COWLES *vs.* TOWNSEND & MILLIKEN.

[ASSUMPSIT ON BILL OF EXCHANGE, BY PAYEE AGAINST ACCEPTOR.]

1. *Admissibility of parol evidence to vary written acceptance of bill.*—In an action by the payees against the acceptor of a bill of exchange, the defendant cannot be allowed to prove that he accepted the bill under a verbal agreement with the payees, to the effect that, if the bill was not paid at maturity, the payees "should not call upon him until they had prosecuted the drawers to judgment or insolvency, and used all proper and lawful means to collect the same."

APPEAL from the Circuit Court of Montgomery. Tried before the Hon. E. W. PETTUS.

THIS action was brought by Townsend & Milliken against George Cowles, and was founded on the defendant's acceptance of a bill of exchange for $950, drawn by Rudler & Rockwell, dated September 28th, 1849, and payable eight months after date, to said Townsend & Milliken, at the office of J. S. Winter & Co., in Montgomery. On the trial, as the bill of exceptions states, "the defendant proved, that the consideration for which said bill of exchange was given, was goods sold and delivered by plaintiffs to said Rudler & Rockwell, the drawers, who were merchants and partners; and then offered to prove, by the deposition of one Michaél Rudler, 'that the verbal agreement and understanding, under and by virtue of which said Cowles accepted said bill, was this: That said Townsend & Milliken should not call upon him, until they had prosecuted said Rudler & Rockwell to judgment or insolvency. The understanding was, that in the event of R. &. R. not paying the bill at maturity, said Townsend & Milliken were to use all proper and lawful means to collect the same, before they had any right to call on said Cowles. This was the agreement, as witness understood it at the time, and always since.' " The exclusion of this evidence, to which the defendant excepted, is the only matter assigned as error.

WATTS, JUDGE & JACKSON, for the appellant, cited Branch Bank at Mobile v. Coleman, 20 Ala. 141; Hopper v. Eiland, 21 Ala. 714; Murchie v. Cook & McNab, 1 Ala. 41; Litchfield v. Falconer, 2 Ala. 280; Paysant v. Ware & Barringer, 1 Ala. 160–72; Rivers & Portis v. Dubose, 10 Ala. 477.

GOLDTHWAITE & SEMPLE, contra, cited Addison on Contracts, 159; Litchfield v. Falconer, 2 Ala. 283; Carleton v. Fellows, 13 Ala. 437.

STONE, J.—The contract declared on in this case is

an absolute, primary obligation to pay money. The testimony which the court rejected, was offered with the view of proving a cotemporaneous oral agreement of the parties, that the liability of appellant was not absolute and primary, but contingent and secondary. Thus viewed, a more palpable attempt to vary, by parol, the terms of a written contract, cannot be presented.—See Phil. Ev. Cow. & Hill's notes, part II, pages 591-3.

It is contended that the payees of the bill practiced a fraud on the acceptor, in procuring his absolute promise to pay, when the real agreement was, that he was liable only after the legal remedies against Rudler & Rockwell should be exhausted. Actual fraud generally consists of the assertion of a falsehood, or the suppression of some known fact, which the party is in duty bound to communicate. The violation of a promise, without more, cannot be called a fraud. If, in obtaining the acceptance of Cowles in this case, Townsend & Milliken had informed him that the effect of his acceptance would be to render him liable only after the drawers should be sued to insolvency, and by such statement they had obtained his signature, we will not say such conduct would not furnish a defense to the action. The testimony offered in this case did not tend to prove this state of facts.—Rivers & Porter v. Dubose, 10 Ala. 475. Some of our decisions on this point have gone to the outside verge of propriety. See Murchie v. Cook & McNab, 1 Ala. 41; Hopper v. Eiland, 21 Ala. 714. None of them can avail the appellant in this case. There is no sounder principle in the law books, than that which at law, and in the absence of fraud, holds all previous and cotemporaneous negotiations as merged in the written contract.—Addison on Contracts, 158-9; Litchfield v. Falconer, 2 Ala. 282; Melton v. Watkins, 24 Ala. 436; Stoudenmeier v. Williamson, 29 Ala. 558, and authorities cited.

There is no error in the record, and the judgment is affirmed.