# Georgia Home Insurance Co. v. Warten.

*Action upon a Fire Insurance Policy.*

1. *Settlement of claim under fire insurance policy; action to set it aside; sufficiency of complaint.*—Where there is an adjustment and settlement between the insured and insurer of a claim for the loss and injury of a stock of goods covered by a policy of insurance, and there has been paid the amount agreed upon, for which the insured gave his

[Georgia Home Insurance Co. v. Warten.]

receipt, the fact that the insured was ignorant of contracts of insurance and of the proper basis of adjusting losses, and was so hurried in the settlement in the absence of counsel, that he signed the instrument evidencing such settlement, without reading it, the haste in making the settlement not being attributable to any act of the insurer, and the absence of counsel not being communicated to the insurer, nor that a consultation with him was desired, affords no ground for a rescission and setting aside of the settlement and adjustment; and in an action in which the insured claimed that he was entitled to receive more than was paid to him in such settlement, and his complaint avers the facts as above set forth, such allegations are mere surplusage, and may be discarded as irrelevant.

2. *Rescission of contract; what representations sufficient therefor.*—A representation of a material fact or thing directly relating to the subject matter of a contract, on which the acting party relies and has a right to rely, inducing him to enter into the contract, is, in law, a fraud, whether made willfully and intentionally, or innocently, through ignorance, inadvertence or mistake, and gives such party a right to rescind the contract it may have induced; but a misrepresentation of a matter of law or of a matter of judgment, or the expression of an opinion in reference to a matter equally open to the observation or inquiry of both parties, is not a fraud, and in the absence of the relation of trust and confidence between the parties, or of some other peculiar fact or circumstance, does not vitiate the contract or furnish a ground for its rescission.

3. *Settlement of fire insurance loss; can be only vitiated for fraud.* Settlements or adjustments of a claim for a loss covered by a fire insurance policy, by an agreement entered into between the insured and the insurer, when fully performed, have all the elments and properties of a contract; and in the absence of fraud are as incapable of rescission as any other contracts; and mere ignorance of the rights the law attaches to the facts known by both parties at the time of entering into the agreement will not vitiate such contracts.

4. *Same; same; when fraud not shown.*—Where the adjustment or settlement of a claim for a loss covered by a fire insurance policy has been made by the insured and insurer with the knowledge of the facts, and the liability fixed under such agreement has been paid by the insurer, for which the insured gave his receipt, the fact that the insurer falsely represented that under the provisions of the policy, as to the value of the property lost the insured was absolutely bound by the inventory taken two months prior to the loss, that the insurer was liable for only three-fourths of the value of the goods lost, from which the value of the goods saved should be deducted, and that a discount must be allowed to the insurer for a cash payment. does not constitute a fraud upon the insured, and gives him no ground for a rescission of the settlement and adjustment of the loss, since such representation is only an affirmation of matters of law or mere expressions of opinion, or has reference to matters of judgment, the

[Georgia Home Insurance Co. v. Warten.]

facts in reference to which were equally open to the observation and inquiry of both parties.

5. *Same; letters of agent of another company inadmissible in evidence.* In an action by an insured in which he claims a rescission of the adjustment or settlement of his claim for loss covered by a fire insurance policy, which was made between the plaintiff and the defendant and other insurance companies, a letter written by the agent of another insurance company other than the defendant, and who was present at the settlement of said loss, is irrelevant and inadmissible in evidence against the defendant.

APPEAL from the Circuit Court of Limestone.

Tried before the Hon. H. C. SPEAKE.

This action was brought by the appellee, Mattie A. Warten, against the appellant, the Georgia Home Insurance Company. The purposes of the suit, and the averments of the complaint are sufficiently stated in the opinion.

To the third count of the complaint, the defendant demurred upon the following grounds: "1. Said count shows upon its face that the alleged loss under said policy of insurance has been adjusted and paid. 2. Said count does not show that the plaintiff is entitled to rescind and repudiate the adjustment and settlement of the claim of the plaintiff under said contract of insurance. 3. Said count does not show that the alleged adjustment and payment by this defendant of the alleged claim of the plaintiff under said contract of insurance was fraudulently procured or obtained by this defendant. 4. Said count does not show that the plaintiff was induced to accept said alleged adjustment and payment of said claim under said contract of insurance by any fraudulent misrepresentations, or misrepresentations by this defendant, its agents or representatives. 5. Said count does not allege any false representation of fact or facts by this defendant, or its authorized agent or representative, to induce the plaintiff to accept said alleged adjustment and payment of plaintiff's said claim under said contract of insurance. 6. Said count does not show that said alleged representations by this defendant, its agent or representative were fraudulently made, or were a fraud upon the plaintiff." This demurrer was overruled, and the defendant duly excepted. The other facts necessary to the understanding of the decision on the present appeal are sufficiently stated in the opinion.

31

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

R. W. WALKER and TOMPKINS & TROY, for appellant. 1. Unless the representation inducing the acceptance of the less sum and the execution of the written discharge in consideration of that payment of that less sum were such as the law recognizes as fraudulent, then the settlement is binding upon plaintiff. Both of the alleged misrepresentations were statements as to the legal rights of plaintiff. It was a fact that the inventory had been made the January previous to the fire. Whether the valuation placed by the plaintiff on the goods in taking that inventory was to be taken as conclusive evidence of their value in her settlement with the insurance company, was not a question of fact, but a question of law. That it was an admission by her that the value of the goods was as shown by that inventory is too clear to be denied. Whether it was conclusive evidence is, as said above, purely a question of law. The other representation, namely, that under the three-fourths clause in the policy the insurer was entitled to its use in ascertaining the amount of its liability, was clearly a statement of the legal effect of that clause. The statement contains an assumption that there was such a clause in the policy, and a deduction from that part of a legal conclusion as to the rights of the parties thereunder. The fact assumed to exist did in fact exist, and the evidence of its existence was contained in the policy which was in possession of plaintiff. What was the proper construction of the clause, and what was its legal effect and operation upon the respective rights of the parties, was purely a question of law.

There was no relation of confidence or trust existing between the parties. They were representing adverse interests and were dealing at arms-length. Under these circumstances it is well settled that a misrepresentation by the one party as to the legal rights of the other is not a fraud. To justify the setting aside of a discharge the misrepresentation must be as to a matter of fact, and not of law.—*Townsend v. Cowles*, 31 Ala. 428; *Lehman v. Shackleford*, 50 Ala. 437; *Lehman v. Bibb*, 55 Ala. 411;

[Georgia Home Insurance Co. v. Warten.]

*Beall v. McGehee*, 57 Ala. 438 ; *Davis v. Betz*, 66 Ala. 206 ; *Thompson v. Phoenix Ins. Co.*, 75 Me. 55 ; s. c. 46 Amer. Rep. 357.

But if by any possible construction, one or both of the statements could be held to be statements of facts made by defendant's agent to the agent of plaintiff, it or they could not be held to be anything more than expressions of an opinion upon which plaintiff or her agent had no right to rely. No relation of trust or confidence existing between the parties, such an expression of opinion, even though a misrepresentation is not a fraud authorizing the setting aside of a release.—*Van Arsdale v. Howard*, 5 Ala. 596 ; *Juzan v. Toulmin*, 9 Ala. 662 ; *Rivers v. DuBose*, 10 Ala. 475 ; *Munroe v. Pritchett*, 16 Ala. 789 ; *Davis v. Betz*, 66 Ala. 206 ; *Tabor v. Peters*, 74 Ala. 90 ; *Crown v. Carriger*, 66 Ala. 590.

McCLELLAN & McCLELLAN, *contra*.—The gist of the misrepresentations by the defendant which entitled the plaintiff to avoid the adjustment, were, first, that she was, as to the value of the goods, absolutely bound by her inventory·taken sometime before the fire ; second, that the "three-fourths clause" in the policy applied to the loss, instead of the risk. Of course, the real cash value of the goods destroyed, not the inventory price, was the measure of damages, as provided in the policy. Flanders on Insurance, 553, 554. Nor is there any more doubt that under the "three-fourths clause" one-fourth should have been taken off the value of the goods involved in or subject to the dangers of fire, not off the goods injured or burned, only in getting at the liability of the defendant.—*Home Ins. Co. v. Adler*, 71 Ala. 516 ; Flanders on Insurance, 556 ; 2 May on Insurance, 438.

These false bases of adjustment were hurriedly imposed on her ignorance, in the absence of legal advice, by astute agents ; and induced her to sacrifice about $2,500 ; and armed her, under the general law, with the right of rescision, when thus promptly availed of, on the discovery of fraud.—*Jones v. Anderson*, 82 Ala. 302 ; 1 Brick. Dig., 395 ; *Johnson v. Evans*, 50 Amer. Dec. 675 ; *Bryant v. Isburgh*, 74 Amer. Dec. 657 ; *State v. Gaillard*, 1 Amer. Dec. 628 ; *Langdon v. Roane*, 6 Ala. 518.

2. An adjustment of a loss under a fire insurance policy procured by mistake, positive misconduct, or

[Georgia Home Insurance Co. v. Warten.]

affirmative misrepresentation of law will be relieved against in a court of law.—*Berry v. Insurance Co.*, 28 Amer. St. Rep. 548; *Wheeler v. Smith*, 9 How. 55; *Allen v. Elder*, 2 Amer. St. Rep. 63; *Benson v. Markoe*, 5 Amer. St. Rep. 816; *Jordan v. Stevens*, 81 Amer. Dec. 556; *Saville v. Ætna Ins. Co.*, 3 L. R. A. 542; *Boyd v. La Montagnie*, 29 Amer. Rep. 197; *Prater v. Miller*, 60 Amer. Dec. 521; *Hoge v. Hoge*, 26 Amer. Dec. 52; *Jollife v. Hite*, 1 Am. Dec. 528; *Goodenew v. Ewer*, 76 Amer. Dec. 550; *Reynolds v. French*, 30 Amer. Dec. 456; *Hardigree v. Mitchum*, 51 Ala. 151; *Kilpatrick v. Henson*, 81 Ala. 464; *Sullivan v. Rabb*, 86 Ala. 438; *Cleere v. Cleere*, 82 Ala. 581.

BRICKELL, C. J.—The complaint contains three counts; the first and second are analogous to the form prescribed by the Code for a complaint on a policy of fire insurance, and their sufficiency is not drawn in question. The third, a demurrer to which was overruled, may be termed a special count, setting forth a particular state of facts on which the right of recovery is based. The count when analyzed, alleges that after the occurrence of the loss and injury to the stock of goods, covered by the policy of insurance, and after the agent of the defendant, and the agents of the other companies interested, had examined into the loss, by the mutual agreement of the parties, the liability of the insurers was fixed at an aggregate sum, which was apportioned between the several insurers, paid to the plaintiff, and acknowledgments of payment in writing, were signed by her and delivered to the several insurers. The count avers that the loss and the amount she was entitled to receive exceeded the amount paid to her; and by averments of her ignorance of contracts of insurance, and of the proper basis of adjusting losses, she claims a rescission of the adjustment or settlement, and a restoration to her rights under the policy. These averments are coupled with the further averment, that she was hurried into the settlement in the absence of her counsel from the State; that she signed at the instance of the defendant, without reading it, a long paper writing, which she then supposed was in accordance with the adjustment; that her agent through whom the adjustment was made, was prevented from reading the writing,

[Georgia Home Insurance Co. v. Warten.]

except as to the amounts due from the several insurers. That she was induced into the settlement, and was misled and deceived by the representations made to her by the agent of the defendant, that as to the value of the goods insured, she was absolutely bound by an inventory taken on the preceding first of January, more than two months before the loss; and that under a clause in the several policies, the insurers were liable for only three-fourths of the value of the goods lost, from which the value of the goods saved must be deducted; and that for the cash payment of the loss, a discount of $32.18 should be allowed.

In the construction of the count—in the ascertainment of its gravamen, in a legal sense—we may discard as irrelevant, as mere surplusage, the averment that the plaintiff was hurried into the settlement, in the absence of her counsel from the State; for her haste is not attributable to any act of the defendant, nor was the absense of the counsel communicated to the defendant, nor that consultation with him, before entering into the settlement, was desired. So the averred ignorance of the plaintiff, of contracts of insurance and of the proper basis of adjusting losses, is mere surplusage and irrelevant. Ignorance of the legal obligations and effects of contracts, into which parties voluntarily enter, fraud not intervening, of which there is no averment, will not avoid the contract, "or prevent the parties from coming to a common mind concerning it."—1 Whart. Contr., § 198. Besides, while the plaintiff professes ignorance, it is not ascribed to her agent, by and through whom the settlement was made. Like observations may be made in reference to her failure to read the paper writing, presumably the evidence of the settlement and of the payment of the money. There was no want of opportunity to read it, and writings cannot be avoided by parties signing them, who will not read them, when opportunity is afforded. It is well said: "If this were permitted, contracts would not be worth the paper on which they were written."—*Upton v. Tribilcock*, 91 U. S. 50. And it must be observed, that a peculiarity of the count, in this respect, is the want of all averment of falsity in the writing. So far as appears, it contains no more, expresses no more, than it was intended to contain and express—it is a truthful memorial of the transaction

to which it refers. A demurrer is an admission of facts well pleaded; it is not an admission of mere surplusage, of foreign or irrelevant matter which may be introduced into pleading.—1 Chit. Pl. 661. Eliminating these matters from the count, its real gravamen consists in the averment of the misstatements or misrepresentations imputed to the agent of the defendant; these operated on the plaintiff, inducing the settlement.

Assuming that it may properly be deduced from the averments of the count, that these representations were untrue—that as to the value of the goods lost, the plaintiff was not absolutely bound by the inventory taken on the preceding first of January; and that upon a just construction of the clause of the policy of insurance, limiting the liability of the defendant to three-fourths of the value of the goods lost, the defendant was not entitled to a deduction of the value of the goods saved—the inquiry arises as to the legal character and force of these representations. It is not every representation, untrue in itself, made in the course of negotiations leading to a contract, which will justify or authorize a rescission of the contract. As a general rule, it has long been the doctrine prevailing in this court, that the misrepresentation of material facts, on which the party acting relies, and has the right to rely, whether made willfully and intentionally, or innocently, from ignorance, inadvertence, or mistake, will avoid a contract it may have induced.—*Juzan v. Toulmin,* 9 Ala. 662; *Munroe v. Pritchett,* 16 Ala. 785; s. c. 22 Ala. 501; *Davis v. Betz,* 66 Ala. 210; *Rivers v. DuBose,* 10 Ala. 475; *Townsend v. Cowles,* 31 Ala. 428. But these, and all our decisions hold, that in the absence of a relation of trust and confidence, or of some other peculiar fact or circumstance, a misrepresentation of matter of law, or of matter of judgment equally open to the observation or inquiries of both parties, or of mere opinion, will not vitiate a contract. "Error in the view one or both parties," it is said by Wharton, "may take of the law as bearing on the subject matter of the proposed contract does not avoid the contract, or prevent the parties from coming to a common mind concerning it. All persons are presumed to know the law, and when the presumption relates to the public law of the land it is irrebutable." And he quotes the observation of Lord Ellenborough, that, "if upon the mere ground of ignor-

ance of the law, men were admitted to overhaul or extinguish their most solemn contracts, and especially those which have been executed by a complete performance, there would be much embarrassing litigation in all judicial tribunals, and no small danger of injustice from the nature and difficulty of the proper proof." 1 Whart. Contr., § 198. In *Townsend v. Cowles, supra,* after a careful examination of authority, and deliberate consideration of the subject, it was ruled, that a misrepresentation of the legal effect of a written instrument was, from its very nature, but the expression of an opinion upon a question of law, equally open to the observation and inquiries of both parties, and as to which, the law presumes that the party to whom it was made had knowledge.

There was, in the transaction alleged in the count, no misrepresentation or mistake of fact by either party; the facts were undisputed and known to the parties equally. A loss covered by the policy having occurred, and there not having been a breach of the conditions of the policy by the insured, the extent of the liability of the insurer—the sum he was bound to pay, and which the insured was entitled to demand and receive—and the time of payment, depended on the stipulations of the policy. The policy was the property of the plaintiff, in her possession, examinable by her before its acceptance, and during the whole period elapsing after its delivery. Knowledge of its terms and stipulations must be imputed to her—the presumption is irrebutable. Whether according to its terms, the inventory taken preceding the loss was absolutely binding on her, or was mere matter of evidence, as to the value of the goods lost, was matter of construction, if the policy contained any term or stipulation, touching or concerning the inventory. If it contained none, whether the inventory was evidence as to the value of the goods, or the extent to which it was evidence, was matter of law, not of fact. And so, whether the clause in the policy limiting the liability of the insurer to three-fourths the value of the goods, entitled him to a deduction of the value of the goods saved, was matter of construction of the clause; if the clause was not capable of the construction, or was silent in reference to it, the claim of the deduction was the assertion of matter of law, of a legal right. When the

loss was payable, whether presently on the adjustment, or at a future day, depended on the terms of the policy; and if payable at a future day, whether there should be a discount for a present or cash payment, was matter of construction of its terms. In whatever aspect the representations may be considered, they fall within one or the other of the categories, of being the affirmation of matters of law, or mere expressions of opinion, or as having reference to matters of judgment, the facts open equally to the observation and inquiry of both parties. This being true, they do not authorize or justify a rescission of the adjustment or settlement into which the parties entered, and which was fully executed by performance on the part of the defendant. Settlements, or adjustments of this character by the agreement of the insurer and the insured, when fully performed, have all the elements and properties of a contract, and in the absence of fraud, are as incapable of rescission, as any other contract. Mere ignorance of the rights, the law attaches to the well known facts, will not vitiate them, they are conclusive on both parties.—May on Ins., § 452 F. If either party, the insured or the insurer, yields to a misrepresentation of his rights, or to the unjust demands or exactions of the other, he has only his own folly, or his reluctance to engage in litigation, of which to complain.—*Mayhew v. Phœnix Ins. Co.*, 23 Mich. 105; *Aetna Ins. Co. v. Reed*, 33 Ohio St. 283; *Thompson v. Phœnix Ins. Co.*, 75 Maine, 55; s. c. 46 Am. Rep. 357. The full discussion of this particular question in these cases, supports the conclusion we have reached. There was of consequence, error in overruling the demurrer of the defendant to this count. The special replication to the pleas of the defendant, to which it refers, is substantially a repetition of the averments of the third count, and for the reasons already given, the demurrer to it should have been sustained.

The assignments of error relate to other rulings on the pleadings, but they have not been insisted on in the argument of counsel, and we do not deem it necessary to consider them.

There are several exceptions reserved to the admission of evidence, and to instructions given the jury. The rulings of the court to which they relate, seem to us dependent on principles so well settled, it is not necessary

to discuss them. There is but one of them, which we regard as erroneous. Abrams was not the agent of the defendant, and the letters he had written the plaintiff or her agent, if relevant, were not admissible evidence against the defendant. The mere fact that he was present when the settlement was made with the plaintiff, representing another company, making a like settlement, is far from showing that the defendant and the company he represented bore any such relation, as would make the declarations or admissions of the agent of the one, binding on, or evidence against, the other.

For the errors pointed out, the judgment must be reversed and the cause remanded.

Reversed and remanded.