# Cassimus Brothers *v.* Scottish Union & National Insurance Co.

### *Action on Fire Insurance Policy.*

1. *Action on fire insurance policy; sufficiency of plea.*—In an action upon a fire insurance policy, a plea which avers that in the policy of insurance sued on, it was expressly stipulated and agreed that the entire policy, unless otherwise provided by agreement endorsed thereon or added thereto, should be void if the hazard was increased by any means within the control, or knowledge of the insured, and that the hazard was increased by means within the knowledge and control of the insured, in that the plaintiff kept within the building covered by said policy a large amount of easily ignitable and inflammable material, to-wit, ten gallons of gasoline; and there was no agreement endorsed on or added to said policy consenting

[Cassimus Brothers v. Scottish Union & National Insurance Co.]

thereto, presents a defense to the maintenance of said action, and is not subject to demurrer.

2. *Same; same.*—In such an action, a plea which avers that it was expressly stipulated, understood and agreed that said policy, unless otherwise provided by agreement endorsed thereon or added thereto, should be void, if there should be kept, used or allowed on the premises covered by said policy, any gasoline, and that there was kept, used and allowed on said premises, and there was present thereon at the time of the fire a large amount of gasoline, and that it was never provided by agreement endorsed on or added to said policy, that the same could be kept, used or allowed on said premises, nor was the same consented to, presents a defense to the maintenance of the action, and is not subject to demurrer.

3. *Insurance; right of insurance company to deny liability under policy.*—The fact that a fire insurance company, upon the receipt of notice and proof of loss denied liability under a policy formerly issued by it, and states at the time that its conditions had been violated in only one particular, does not prevent said company from afterwards setting up in defense of an action upon said policy, other and different breaches of the conditions of the policy; it not being shown that the plaintiff was misled to his injury, by the denial of liability on the particular ground stated.

4. *Action on insurance policy; sufficiency of replication.*—In an action upon a fire insurance policy, to recover for the destruction of a stock of goods, where the defendant sets up by special plea as a defense, a claim of forfeiture of the policy, by reason of the plaintiff keeping gasoline on the premises insured, contrary to the stipulations of the policy, a replication to said plea which avers that in the policy the stock of merchandise insured was described as "consisting principally of confectionaries, liquors, cigars, tobacco, toys, and such other merchandise usually kept in similar stocks," and that the agent, who procured the plaintiff's application for insurance and issued the policy, upon being asked if the keeping of gasoline was covered by the expression "usually kept in similar stocks," replied that it was, does not present an answer to said plea, and the facts averred in said replication constitute no estoppel against the defendant setting up the forfeiture of the policy; the statement of the agent being merely his opinion as to the meaning of the clause in the policy, the meaning of which was equally open to the plaintiff and said agent and not being the representation of any fact whereby the plaintiff was misled.

17c

[Cassimus Brothers v. Scottish Union &. National Insurance Co.]

5. *Same; same.*—In such an action, a replication which, after averring the description of the stock of goods insured as set out above, then avers "that gasoline is usually kept with the class of goods" as described in said policy, is bad and presents no answer to the plea; said replication not averring that gasoline was so kept as a part of the. stock of merchandise insured by the plaintiff.

6. *Fire insurance; waiver of forfeiture; authority of agent; notice.* The agent of a fire insurance company, who is only authorized to solicit and take applications for insurance, and deliver the policy and receive the premiums, has no authority to waive the conditions or stipulations of the policy, providing against the increase of the hazard and prohibiting the keeping of gasoline upon the premises wherein the property insured is situated, nor is notice to such agent of the increase of the hazard by the keeping of gasoline on the premises insured, notice thereof to the company; and, therefore, the notice to such agent subsequent to the issuance of the policy, that gasoline was kept on the premises by the insured, and the failure of the insurance company to cancel said policy do . not constitute a waiver of the stipulation prohibiting it.

7. *Same; same; same.*—Where, at the time of making an application for insurance upon a stock of goods, the insured notified the agent of the insurance company who issued the policy that he, the insured, was then keeping, and intended to keep, gasoline in his stock, and that with this knowledge the agent issued the policy and told the insured that it would be alright for him to keep gasoline in his stock, the issuance of the policy and the acceptance of the premium by the agent, constitute a waiver of the right of the insurance company to claim a forfeiture of the policy, by reason of the insured keeping gasoline in the stock of goods insured, in violation of an expressed stipulation of the policy prohibiting the keeping of gasoline in the stock insured.

8. *Action upon insurance policy; sufficiency of replication.*—In an action on a fire insurance policy to recover for the loss of a stock of goods destroyed by fire, where the defendant sets up by special pleas that the plaintiff's rights under the policy had been forfeited by reason of the plaintiff keeping in his stock of goods a large quantity of gasoline contrary to the stipulations of said policy, a replication to such special pleas, which avers "that said stipulation referred to was a printed portion of said policy, and that said stipulation was, in fact, waived by the defendant at the time of the issuance of the policy sued upon and subsequently, and prior to the loss and

destruction by fire, and while said policy was in full force and effect," states a mere conclusion of the pleader, without averring the facts upon which to rest such conclusion, and is bad on demurrer.

9. *Insurance: waiver of forfeiture; when shown.*—Where a fire insurance policy contains a stipulation that it shall be void if the insured keeps, uses or allows on said premises any gasoline without the written consent of the insurer, if before the loss of the property insured the company has knowledge or notice of the violation of this stipulation by the insured and fails for a reasonable time to assert the forfeiture therein provided for, such failure constitutes a waiver of said forfeiture clause contained in the policy.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. J. C. RICHARDSON.

This was an action brought by "S. M. Cassimus, doing business under the firm name of Cassimus Brothers," against the appellee, and sought to recover $1,500 alleged to be due under an insurance policy issued by the defendant to the plaintiff. The defendant pleaded the general issue and the following special pleas: "2. That in and by the policy of insurance sued on, it is expressly stipulated, understood and agreed that the entire policy, unless otherwise provided by agreement endorsed thereon or added thereto, should be void if the hazard was increased by any means within the control or knowledge of the insured, and this defendant avers that the hazard was increased by means within the knowledge and control of the assured in that plaintiff carried to and kept within the building covered by the said policy of insurance a large amount of easily ignitable, inflammable substance, to-wit, ten gallons of gasoline, or other large amount thereof, and there was no agreement endorsed on or added to said policy in reference thereto or consenting thereto."

"3. That in and by said policy of insurance it was expressly stipulated, undertaken, understood and agreed that the said policy, unless otherwise provided by an agreement endorsed thereon or added thereto, should be void if (any usage or custom of trade or manufacture to the contrary notwithstanding) there should be kept, used or allowed on the premises covered by said policy

any gasoline, and this defendant avers that there was kept, used and allowed on said premises, and there was present there at the time of the said fire which destroyed the same, a large amount of gasoline, towit, ten gallons thereof, and that it was never provided by agreement endorsed on or added to said policy that the same or any part of the same should be kept, used or allowed on said premises, nor the same so consented to."

The plaintiff demurred to the second plea, upon the following grounds: "1. It is not stated in and by said plea, how or in what manner the hazard was increased. 2. It is not stated in and by said plea, that the carrying and keeping within the building of a large amount of easily ignitable and inflammable substance, to-wit, ten gallons of gasoline, or other large amount, increased the hazard within the control or knowledge of the assured. 3d. It is not alleged in said plea that the plaintiff knew of the carrying and keeping of the gasolene increased the hazard. 4. It is not alleged that the carrying and keeping of the gasolene was within the control and knowledge of the assured. 5. It is not alleged in said plea that the defendant did not consent to the carrying or keeping of the gasolene within the building covered by the policy of insurance."

The plaintiff also demurred to the third plea upon the following ground: "1. It is not averred in and by said plea that the keeping, using and allowing of gasolene on the premises was with the knowledge or consent of plaintiff." These demurrers were overruled. Thereupon plaintiff filed the following replications to pleas 2 and 3:

"1. That subsequent to the issuance of the policy sued on in this case, on to-wit, the 11th day of December, 1899, the property insured by said policy was damaged and destroyed by fire; that thereafter, on to-wit, January 3d, 1900, plaintiff delivered to defendant proof of loss under said policy, in accordance with the terms of said policy; that in reply thereto, the agent of defendant notified plaintiff by letter of the receipt of said proof of loss, but denied any liability under said policy, stating as the reason for non-liability, that plaintiff had broken

the condition of the policy as specified in line 25 thereof, because of the use and storage of gasolene on the premises without a permit; and plaintiff further avers, that the ground set forth in plea No. 2, as to increased hazard, is not set forth in line 25 of said policy, but in lines 14 and 15 of said policy.

"2. Further answering said plea, this plaintiff says that at the time of the issuance of said policy one John F. Gay was the agent of the defendant who procured from plaintiff the application for said policy, and who, himself, issued said policy; that when said policy was issued and written out there was attached to it and formed a part thereof a form as follows: 'Attached to and forming part of policy 2,476,624 of Scottish Union & National Insurance Company. $1,500.00 on stock of merchandise, consisting principally of confectionaries, liquors, cigars, tobacco, toys and such other merchandise usually kept in similar stocks, while contained in the three-story and cellar brick metal roof building situated at No. 104 Dexter Avenue, Montgomery, Ala. Sheet No. 10, Block 53'; and plaintiff avers that at said time he called the attention of said John F. Gay to the fact, and asked him if the keeping of gasolene was covered by the expression 'usually carried in similar stocks,' and the said John F. Gay replied that it was.

"3. That attached to and forming a part of the policy sued upon is the following: 'Attached to and forming a part of policy 2,476,624 of Scottish Union and National Insurance Company. $1500.00 on stock of merchandise consisting principally of confectionaries, liquors, cigars, tobacco, toys and such other merchandise usually kept in similar stocks, while contained in the three-story and cellar brick metal roof building situated at No. 104 Dexter Avenue, Montgomery, Ala. Sheet 10, Block 53;' that the portion of said form above set forth which is in words and figures as follows: 'Confectionaries, liquors, cigars, tobacco, toys and such other merchandise usually kept in similar stocks,' is in writing and not a part of the printed form; and that gasolene is usually kept with the class of goods detailed in said form attached to and forming a part of said policy.

"4. That at the time of the issuance of the policy sued upon, one John F. Gay was the agent of the defendant, who procured the application for said policy, and who, himself, issued it; that subsequently thereto and prior to the damage and destruction of the goods, the said John F. Gay, who was at that time the agent of said defendant, as stated above, was informed by plaintiff that he kept and used gasolene in his place of business, which was where the stock of goods insured by said policy was.

"5. Further answering each of said pleas, this plaintiff says that at the time of the issuance of said policy sued upon, which is herewith attached and made a part of this plea as Exhibit 'A,' one John F. Gay was the agent of the defendant in procuring from plaintiff the application for said policy, and who, himself, issued said policy, and that at the time of the issuance of said policy this plaintiff called the attention of said John F. Gay to the expression in said policy, which is in writing, 'usually carried in similar stocks,' and notified the said John F. Gay at said time, that he was keeping and intended to keep gasolene in his stock, whereupon the said John F. Gay replied to plaintiff that it was all right and that he had the right to do so under the policy; wherefore, plaintiff says that defendant is estopped from now pleading the forfeiture, as set up in said plea.

"6. Further answering each of said pleas, this plaintiff says that at the time of the issuance of said policy sued upon, which is herewith attached and made a part of this plea, one John F. Gay was the agent of the defendant in procuring from plaintiff the application for said policy, and who, himself, issued said policy, and that at the time of the issuance of said policy this plaintiff called the attention of said John F. Gay to the expression in said policy, which is in writing, 'usually carried in similar stocks,' and notified the said John F. Gay at said time, that he was keeping and intended to keep gasolene in his stock, whereupon said John F. Gay replied to plaintiff, that it was all right and that he had the right to do so under the policy; wherefore, plaintiff

says defendant has waived its right to set up said forfeiture set forth in its pleas.

"7. Further answering said pleas, this plaintiff says, that in said policy sued upon the following portion thereof, 'confectionaries, liquors, cigars, tobacco, toys and such other merchandise usually kept in similar stocks,' is in writing, placed in said policy by John F. Gay, who was the agent of the defendant at the time of the issuance of said policy, and who solicited the same, and himself issued it, and that the conditions of said policy set forth in said plea No. 2 and plea No. 3, as to increased hazard and the keeping of gasolene, respectively, were both in the printed portion of said policy and not in writing; and plaintiff further avers that gasolene is merchandise usually kept in similar stocks to that covered and insured by the policy sued upon; wherefore, this plaintiff says defendant is estopped from setting up said conditions as a forfeiture.

"8. Further answering said pleas, this plaintiff says, that in said policy sued upon, the following portion thereof, 'confectionaries, liquors, cigars, tobacco, toys and such other merchandise usually kept in similar stocks,' is in writing, placed in said policy by John F. Gay, who was the agent of the defendant at the time of the issuance of the policy, and who solicited the same, and himself issued it, and that the conditions of said policy set forth in said plea No. 2 and plea No. 3, as to increased hazard and the keeping of gasolene, respectively, were both in the printed portion of said policy and not in writing; and plaintiff further avers that gasolene is merchandise usually kept in similar stocks to that covered and insured by the policy sued upon; wherefore, plaintiff says that this defendant has waived his right to set up said conditions named in said pleas as a forfeiture.

"9. Further answering said pleas, this defendant says, that at the time of the issuance of the policy sued upon, one John F. Gay was the agent of the defendant in procuring the application for said policy, and he himself issued it without consulting defendant; that a short time subsequent to the issuance of said policy, and while

said policy was in full force and effect, and a long time prior to the damage and destruction of the goods, the said John F. Gay was at said time the agent of said defendant, as stated above, and was informed by plaintiff that he kept in his stock of goods and used gasolene in his place of business, but that notwithstanding this fact, said defendant did not cancel the policy, nor notify plaintiff that he had no right to keep and use said gasolene.

"10. Further answering said pleas, this plaintiff says, that notwithstanding the fact, that in and by the policy of insurance sued upon, it is stipulated that the said policy, unless otherwise provided by agreement endorsed thereon or thereto should be void, if the hazard be increased by any means within the control or knowledge of the insured, and notwithstanding the fact that there was no endorsement waiving said stipulation in said policy, this plaintiff avers that said stipulation referred to was a printed portion of said policy, and that said stipulation was, in fact, waived by the defendant at the time of the issuance of the policy sued upon and subsequently, and prior to the loss and destruction by fire, and while said policy was in full force and effect.

"11. Further answering said pleas, this plaintiff says, that notwithstanding it is stipulated in and by the policy of insurance sued upon, that the entire policy, unless otherwise provided by agreement endorsed thereon or added thereto, should be void if the plaintiff kept, used or allowed on said premises any gasolene, still this plaintiff avers that said stipulations were a printed portion of said policy of insurance, and said stipulations were waived by the defendant at the time of and subsequent to the issuance of the policy and while said policy was in full force and effect, and prior to the loss and destruction of the goods sued for.

"12. Further answering said pleas, this plaintiff says, that at the time of the issuance of the policy sued upon, notice that plaintiff was keeping and intended to keep gasolene in his stock and place of business, was given to the defendant, and no objection was made thereto by said defendant prior to such loss, and that the defendant

had a reasonable time, after such notice and before such loss, within which to make objection, to-wit, from, the 28th day of September, 1899, to, to-wit, the 11th day of December, 1899.

"13. Further answering said pleas, this plaintiff says, that before the loss and damage, the subject of the suit, notice that the plaintiff was keeping gasolene was given to the defendant by the plaintiff, and the said defendant made no objection or dissent thereto, and did not cancel the policy nor did it return the unearned premium thereon, and the defendant had a reasonable time in which to make such objection and dissent, to cancel said policy and return said unearned premium after such notice was given and before such loss occurred.

"14. Further answering said pleas, this plaintiff says, that before said loss occurred, the defendant, with notice that plaintiff was keeping and using gasolene. waived the grounds set up in said pleas by failing to make objection within a reasonable time to plaintiff's keeping and using said gasolene, and the defendant had a reasonable time within which to make such objection after such notice and before such loss occurred.

"15. Further answering said pleas, this plaintiff says, that before the loss occurred, under the policy sued upon, the defendant, with notice of plaintiff's keeping gasolene, waived the grounds set up in said pleas by failing to make objection to, or dissent from, such keeping of said gasolene and by failing to cancel said policy and to repay plaintiff the unearned premium thereon, and the defendant had a reasonable time within which to make such objection and dissent, cancellation and repayment, after notice was had and before such loss occurred.

"17. Further answering said pleas, this plaintiff says, that the defendant company was a foreign corporation doing an insurance business in Montgomery, Alabama, through its agent, John F. Gay; that its home offices were in Scotland and England; that it had a branch office in the United States, with headquarters at Hartford, Conn.; that blank policies of insurance were furnished to John F. Gay by said company, signed by the manager of the United States branch; that said John F.

[Cassimus Brothers v. Scottish Union & National Insurance Co.]

Gay, as agent, had authority to solicit applications and issue policies, and that in doing so the said John F. Gay filled in said policies and countersigned the same as the agent of the defendant company; that at the time of the issuance of the policy sued upon, said John F. Gay was then and there the agent of the defendant, as stated above, and the said John F. Gay was then and there notified by plaintiff, that he was keeping gasolene in his place of business and intended to keep it, and that the said John F. Gay consented for plaintiff to so keep said gasolene."

To the first, second, third and fourth replications, the defendant demurred upon the following grounds: 1. Said replications are in confession and avoidance, and yet set up no facts in avoidance of those averments of the plea which are not denied by the replications. 2. Said replications do not show that defendant ever consented or intended to waive any defense it may have had by reason of any breach of the policy created by plaintiff. 3. Said replications show on their face that upon receipt by defendant of proof of loss under said policy defendant disclaimed liability for said loss on account of gasoline having been on the premises covered by the policy. 4. The alleged answer of said agent of defendant does not show any intention by defendant not to rely upon the hazard insured against being increased by such gasolene having been kept on the premises described in the complaint. 5. It is not averred that defendant disclaimed liability solely and alone because of the breach by plaintiff of the condition of said policy against the use and storage of gasolene on the premises without a permit. 6. The fact that defendant denied liability upon the ground stated in the replication does not prevent defendant from setting up and insisting upon any other defense it then had or now has. 7. No reason why defendant is or should be estopped from pleading any defense it has to the policy sued on is set forth in the replications. 8. It is not denied that by the terms of the policy sued on the hazard was increased by the keeping of gasolene on the premises, nor is it denied that such keeping of the gasolene was a breach of the policy. 9. It

is not averred or shown that said Gay had any authority
to consent to gasolene being used or kept on said
premises.   10.  The usage or custom as to gasolene be-
ing kept in the kind of stock described in the replication
can not nullify the express terms of the contract sued
upon as set forth in the plea.   11.  It is not averred or
shown that said knowledge of said Gay as to the use
and keeping of gasolene on the premises came to him
as the agent of defendant or while as such agent engaged
in and about the business of defendant.   12.  It is not
averred or shown that such knowledge as to the use or
keeping of gasolene on the premises came to said Gay
prior to the issuance of the policy.   13.  It is not aver-
red or shown that said Gay had authority to waive or
change a condition of said policy after its issuance.

To the remaining replications the defendant demur-
red upon the following grounds:   1.  It appears in and
by said policy sued upon that the keeping of gasolene
upon the premises described in the complaint constitu-
ted a breach of the terms of the policy sued upon un-
less otherwise provided by agreement with this defend-
ant endorsed on said policy or added thereto, and it is
not averred that plaintiff was ignorant of said provision
in said policy, or that plaintiff was misled to his injury
by the conduct or statement of said Gay.   2.  It does not
appear by said replication that the statement of said
Gay was other than a statement of his conclusion or opin-
ion upon a matter of law in the construction of said
policy, and the same can not be made the basis of an
estoppel.   3.  It is not shown by said replications that
said Gay had authority to waive a breach of said policy
or to consent to a breach thereof being committed by
plaintiff without a forfeiture of plaintiff's right to re-
cover thereon.   4.  The statement of said replications
that defendant waived the stipulation in said policy con-
tained and set forth in the plea is a statement of a con-
clusion of the pleader and unsupported by averments of
facts.   5.  It is not shown in and by said replications that
plaintiff was misled to his injury by any conduct on the
part of this defendant in reference to said policy, or that
plaintiff was ignorant of the provisions of said policy as
set forth in the plea, either at the time of the issuance

of said policy or subsequently. 6. It is not averred or shown that said Gay or any one undertaking to consent to gasolene being kept on said premises had authority. 7. It is not averred or shown that defendant ever consented to plaintiff keeping gasolene on said premises by any agreement endorsed on or added to said policy. 8. It is not averred or shown that defendant ever knew of or consented to plaintiff keeping gasolene on the premises on which the stock of goods covered by the policy sued on was kept. 9. It is not averred or shown that there was ever any written agreement or consent by this defendant, or any one on its behalf, to plaintiff keeping gasolene upon said premises. 10. It is sought in and by said replications to vary, alter or add to the terms of the written contract sued upon.

These demurrers to the several replications were sustained, to which ruling of the court the plaintiff separately excepted

Under the opinion on the present appeal, it is not necessary to set out the 16th replication  Upon the sustaining of the demurrers to the replications, the defendant, by leave of the court, withdrew the plea of the general issue and the replication No. 16, and declined to plead further.  Thereupon judgment was rendered for the defendant.  The plaintiff appeals, and assigns as error the several rulings of the court upon the pleadings.

GRAHAM & STEINER and W. L. MARTIN, for appellant, cited *Ala. State Mut. Ins. Co. v. Long,* 123 Ala. 667; *Lesser v. Ins. Co.,* 126 Ala. 568; *Insurance Co. v. Smith,* 30 So. Rep. 11; *Robinson v. Aetna Ins. Co.,* 128 Ala. 477; May on Insurance (3d ed.), §§ 177, 239.

WATTS, TROY & CAFFEY, *contra,* cited *Young v. Queen Ins. Co.,* 86 Ala. 424; *Ga. Home Ins. Co. v. Allen,* 119 Ala. 436; *Upton v. Tribilock,* 91 U. S. 50; *Wharton v. Ga. Home Ins. Co.,* 113 Ala. 479; 1 Wharton on Contracts, § 198; *Mitchell v. Potomac Ins. Co.,* U. S. Sup. Ct. Opinion, Law, Co. Op. ed. Dec. 2, 1901; 3 Joyce on Insurance, § 2202; *Turnbull v Ins. Co.,* 34 Atl. Rep. 475; *German Ins. Co. v. Board,* 39 Pac. 697; *Garrettson v.*

*Sin. Co.* 60 N. W. Rep. 540; Elliott on Insurance, p. 103, §§106-8; *Gunther v. L. & G. Ins. Co.*, 134 U. S. 110; s. c. 116 U. S. 113.

DOWDELL, J.—This was an action on an insurance policy, the complaint being in Code form. Three pleas were filed, the first being the general issue, which was subsequently withdrawn, the other two being special pleas. Demurrers were interposed to the special pleas and were overruled. Replications numbering from one to seventeen were then filed to the pleas, which were demurred to, and the demurrers sustained, except as to the 16th replication, which replication, however, was subsequently withdrawn, after the withdrawal of the plea of the general issue. Upon the sustaining of the demurrers to the replications, and after withdrawal of plea 1, and replication numbered 16, the plaintiff declining to further plead, judgment was rendered for the defendant. From this judgment the present appeal is prosecuted. The assignments of error relate to the rulings of the court on the demurrers to the pleas and replications and the final judgment rendered.

By express stipulations in the policy, the facts averred and set up as defensive matter in each of the two special pleas, were such as constituted a breach of the contract sued on, and authorizing a claim of forfeiture of the policy, unless there had been a waiver by the defendant of the matter relied on in defense, and such waiver would be matter for special replication. Each of the pleas sufficiently averred knowledge by the plaintiff of the facts relied on. The second plea, also, avers that the hazard was increased by means within the control of the plaintiff, and sufficiently described the hazard, that is, in what is consisted. Both pleas negatived any consent by the defendant, within the terms of the policy, to the doing of the things set up as a defense. The pleas on the grounds assigned, were not open to the demurrers, and the court properly overruled the same.

The fact that the defendant upon the receipt of notice and proof of loss denied any liability under the policy, and stating at the time wherein its conditions

had been violated in only one particular, did not prevent it from afterwards settting up in defense other and different breaches of the conditions of the policy, when it is not shown that the plaintiff was misled to his injury by the claim of non-liability on the particular ground stated. This is what was attempted by replication numbered 1, and on this ground, if for no other, the demurrer was properly sustained.

Replication numbered 2, does not deny any matter stated in the pleas, but sets up what was evidently intended as an estoppel, the expression of opinion of the agent as to what the words, "usually carried in similar stocks," as contained in the policy, meant. It is not claimed that the plaintiff was ignorant or that he could not read and understand, or that he was deceived or misled by the agent as to any fact, but that the agent merely gave him an opinion as to the meaning of a clause in the policy. The meaning of these words was equally open to the plaintiff and the agent of the defendant, and not being a representation of any *fact* whereby the plaintiff was misled, the plaintiff cannot claim any benefit from such opinion of the agent.—*Upton v. Tribilock*, 91 U. S. 50; *Georgia Home Ins. Co. v. Warten*, 113 Ala. 479; 1 Wharton on Contracts, § 198.

Replication numbered 3, while it avers that gasoline is usually kept in stock, in the class of goods enumerated in the policy, does not aver that the gasoline was so kept as a part of the stock, and in this respect was subject to the demurrer. It was likewise, for other reasons above stated as to the second replication, bad.

Notice to the agent who solicited the insurance, subsequent to the issuance of the policy, that gasoline was kept on the premises by the plaintiff did not operate as notice to the defendant, and therefore constituted no waiver of the forfeiture.—*Young v. Queen Ins. Co.*, 86 Ala. 431. The demurrer was, therefore, properly sustained to replication numbered 4.

The 5th and 6th replications are substantially the same, as to the facts stated. In the former an estoppel is set up on the facts pleaded, while in the latter, a waiver by the defendant of the forfeiture is claimed.

On the same statement of facts, this constitutes no material difference in the two replications. The doctrine of waiver, however, is not necessarily predicated upon an estoppel. While an estoppel carries with it a waiver, the latter may, however, arise, where strictly speaking on the same state of facts, an estoppel would not. The averments in these two replications, 5 and 6, go further than the averments in replications 2 and 3, which we have said show merely an expression of opinion by the agent. It is averred in 5 and 6, that the insured at the time of the issuance of the policy notified the agent who issued the policy, that he, the insured, was then keeping and intended to keep in his stock, gasoline, and with this knowledge the agent issued the policy and told the insured that it would be all right for him to keep gasoline. Notice to the agent under these circumstances was equivalent to notice to the defendant company. With a knowledge of the facts averred in these replications, an issuance of the policy and an acceptance of the premium was clearly a waiver of the right of the defendant to claim a forfeiture of the policy for the keeping of the gasoline.—*Indemnity Co. v. Williams*, 121 Ala. 142; *Syndicate Ins. Co. v. Catchings*, 104 Ala. 176; May on Insurance, § 132.

The facts stated in replications 7 and 8 are not sufficient to constitute an estoppel—it is not claimed that the gasoline was kept as a part of the stock.

There is no averment in the 9th replication that John F. Gay, as agent of the defendant, had authority after the issuance of the policy to receive notice that would bind the defendant, that the plaintiff was keeping gasoline on the premises. The facts stated as to his agency and its scope constituted him nothing more than a soliciting agent, and as such, under the authority of *Young v. Queen Ins. Co.*, *supra*, notice to him of matters occurring subsequent to the issuance of the policy, would not be notice to the company.

The waiver pleaded in replications 10 and 11, is stated as the mere conclusion of the pleader. No facts are stated upon which to rest this conclusion. For this reason, if no other, the demurrer interposed was properly sustained.

[Moore v. Crosthwait.]

The stipulations in the policy against the increase of hazard are provisions inserted in the contract for the benefit of the insurer, and it is a well settled principle of law, that such provisions may be waived by the acts and conduct of the insurer.    By replications 12, 13, 14 and 15, this principle is invoked.    These replications are substantial copies of replications two, three, four and five, which were passed upon by this court and pronounced good and not open to demurrer in the case of *Ala. State Mutual Ins. Co. v. Long Clothing & Shoe Co.,* 123 Ala. 667.    It is not necessary to repeat here what was there said as to the sufficiency of these replications. The court below erred in sustaining demurrers to replications 12, 13, 14 and 15.

There was no error in sustaining the demurrer to the 17th replication.    It is not averred that the agent, John F. Gay, had authority to consent to the keeping of gasoline by the plaintiff, and the facts stated do not in themselves show that he had authority.

For the errors pointed out the judgment will be reversed and the cause remanded.