489 F.2d 480
 Lela SPARKS, as Administratrix of the Estate of Stella K.
Sparks, Deceased, Plaintiff-Appellee,
v.
RACK SERVICE COMPANY, INC., Defendant, Rack Service
Merchandisers, Inc., Defendant-Appellant.
No. 73-3197 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 Feb. 13, 1974, Rehearing Denied March 25, 1974.
 
 William B. Moore, Jr., Montgomery, Ala., for defendant-appellant.
 Charles H. Volz, Jr., Montgomery, Ala., M. Clay Alspaugh, Roscoe B. Hogan, Birmingham, Ala., for plaintiff-appellee.
 Before BELL, GODBOLD and GEE, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from a judgment for plaintiff-appellee entered on a jury verdict in a wrongful death diversity action. Appellant's principal defense was that a settlement agreement between its insurer and the plaintiff barred further recovery. Plaintiff's theory was that the settlement had been procured by fraud and misrepresentation, and thus should be set aside.
 
 
 2
 The evidence as to whether insurer's claims adjuster misrepresented Alabama law was conflicting, but was sufficient to have been submitted to the jury. See Boeing Co. v. Shipman, 5 Cir., 1969, 411 F.2d 365, 374. Thus we need inquire only whether the case is governed by Georgia Home Ins. Co. v. Warten, 1897, 113 Ala. 479, 22 So. 288, which held that as a general rule a contract will not be vitiated by misrepresentations of matters of law, at least when made to an adversary party. In a subsequent case the Alabama Court of Appeals has recognized that this rule will not protect a contract where the misrepresenter is an attorney,
 
 
 3
 'or some person whose work infers special knowledge inviting confidence. Such person is presumed to possess superior knowledge, and where the other party, a layman, is unlearned in such field, the layman is justified in relying upon the representations of the specialist.'
 
 
 4
 Bank of Loretto v. Bobo, 1953, 37 Ala.App. 139, 67 So.2d 77, 85-86, writ to Ala.Sup.Ct. den., 259 Ala. 374, 67 So.2d 90.
 
 
 5
 We think this case is squarely within Loretto. Here the misrepresenter was a claims adjuster dealing with a woman of little education and no legal or claims experience. The alleged misrepresentations concerned the maximum recovery available in Alabama for wrongful death, and the effect of a higher settlement on amounts available to cover other claims arising from the same accident. These being matters within the claims adjuster's specialty, the jury could properly find that appellee's reliance was justified.
 
 
 6
 We find no merit on the other issues raised by appellant.
 
 
 7
 Affirmed.